[No. 11307.    Department Two. — August 28, 1886.]

ANTONIO GARABALDI, RESPONDENT, *v.* T. F. SHAT-
TUCK, APPELLANT.

| 70 | 511 |
| 128 | 187 |

GRANTOR AND GRANTEE — ADVERSE POSSESSION BY GRANTOR — SUBSE-
QUENTLY ACQUIRED TITLE. — A grantor of land who remains in the adverse possession thereof for the period prescribed by the statute of limitations obtains a title as against his grantee, and a title subsequently acquired by him inures to his benefit, and not to the benefit of the grantee.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion.

*H. V. Reardan,* for Appellant.

*Hundley & Gale,* for Respondent.

BELCHER, C. C.—This is an action to quiet title to certain land in Butte County.

The plaintiff had judgment, and the defendant appealed.

It appears from the findings that on the twenty-sixth day of February, 1866, one Richard F. Floyd was in possession of the land in question,—it being then public land of the United States,—and on that day, on his own motion and without consideration of any kind, made a deed purporting to convey it in fee to. the defendant. The deed was acknowledged and recorded, but the grantee did not take possession under it. On the contrary, Floyd remained in possession; and from that time until April, 1885, he held the actual, open, notorious, exclusive, peaceable, and adverse possession of the premises, and of every part thereof, claiming the same in his own right, and adversely to all the world, and especially as against the defendant.

In May, 1881, Floyd obtained the title to a part of the land by patent from the United States, and in June, 1885, he obtained the title to the balance of it by deed from the Central Pacific Railroad Company. Floyd conveyed the land to the plaintiff, and the plaintiff thereupon commenced this action.

It is now claimed for the defendant, appellant here, that the titles acquired by Floyd in 1881 and 1885 immediately passed to and vested in the defendant by reason of his deed of 1866.

We do not think this claim can be maintained. There can be no doubt that a grantor, even with a covenant of warranty, may after his deed is delivered take adverse possession of the property conveyed, and if his possession is allowed to continue during the period prescribed by the statute of limitations, obtain a title as against his grantee. (*Franklin* v. *Dorland*, 28 Cal. 180; S. C., 87 Am. Dec. 111; *Sherman* v. *Kane*, 86 N. Y. 57; *Traip* v. *Traip*, 57 Me. 268; *Smith* v. *Montes*, 11 Tex. 24.)

·  An adverse possession of land for the period of time prescribed by the statute not only bars the remedy, but practically extinguishes the right of the party having the true  paper  title, and vests a perfect title in the ad-

verse holder.    (*Arrington* v. *Liscom,* 34 Cal. 365; *Cannon* v. *Stockman,* 36 Cal. 535; *Leffingwell* v. *Warren,* 2 Black, 605.)

When Floyd obtained his title in 1881, he had been in the adverse possession of the premises for fifteen years, and the title, whatever it was, conveyed by the deed of 1866 was extinguished. He had again, as against all the world except the United States, become the owner of the property as completely as he would have been if the defendant had reconveyed it to him. But if the defendant had reconveyed it to him, would any one contend that the new title at once passed to the defendant notwithstanding his deed?

We think not. The true rule is, that an after-acquired title passes to a prior grantee only so long as the prior grantee has some estate, interest, or claim in or to the property granted. When he has ceased to have any estate in the property, he has nothing to be fed by the new title, and so cannot claim it.

*Manley* v. *Howlett,* 55 Cal. 94, is not in conflict with what has been said. In that case, plaintiff sued in ejectment, and to establish his title relied upon a patent issued less than five years before the commencement of his action. The defendant pleaded the statute of limitations, but it was correctly held that the statute did not begin to run until the issuance of the patent.

The judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.