McCormick vs. Herndon.

McCormick, Respondent, vs. Herndon, Appellant.

*November 10 — November 28, 1893.*

*Deed absolute or mortgage?　Evidence: .Specific performance: Adverse possession.*

1. The positive and uncontradicted testimony of the widow and two sons of the grantor, who were present when the deed was executed, that, though absolute in form, it was given to secure a debt, and that the grantee orally agreed to execute a defeasance, is *held* sufficient to support a finding that the deed was in fact a mortgage, there being nothing against such testimony but the mere suspicion that it might not be true.
2. The deed in such a case may be given the effect of a mortgage without specific performance of such oral agreement being obtained.
3. The grantor of land continuing in possession after the conveyance cannot set up adverse possession against his grantee, but holds as tenant for the latter until he explicitly disclaims such relation.

APPEAL from the Circuit Court for *Grant* County.

Ejectment. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *J. T. Mills* and *S. H. Taylor*, attorneys, and an additional brief by *J. S. Anderson*, of counsel, and oral argument by *Mr. Anderson*. He contended, *inter alia*, that in an action of ejectment a mistake in the deed or other facts outside the record which avoid its effect may be shown only when an equitable counterclaim has been interposed. *Green Bay & M. Canal Co. v. Hewitt*, 62 Wis. 317. The plaintiff must recover upon the strength of his own title and not on the weakness of the defendant's, and when reference must be had to facts outside the record in order to avoid the effect of the outstanding title he should apply to a court of equity to have his title cleared before proceeding in ejectment. *Casgrain v. Milwaukee Co.* 81 Wis. 113; *Spiess v. Neuberg*, 71 id. 279; *Prickett v. Muck*, 74 id. 207. Plaintiff, as the grantee of

Wm. H. Garner or his heirs, may have a right in equity to a decree of specific performance declaring the absolute deed to be a mortgage; but such relief cannot be had in this case, where the parties to the transaction are not before the court and where there was no proper pleading to give the court jurisdiction. *Smith v. Hunt*, 13 Ohio, 260; *Reece v. Allen*, 10 Ill. 236; *Gillett v. Treganza*, 13 Wis. 472; *Eaton v. Smith*, 19 id. 537.

For the respondent there was a brief by *Bushnell & Watkins*, and oral argument by *A. R. Bushnell*.

ORTON, J. This is the third time this case has been before this court. On the first trial the defendant recovered, and the judgment was affirmed, and the plaintiff took a new trial under the statute. On the second trial the plaintiff recovered, and the judgment was reversed and a new trial ordered. On the last trial the plaintiff recovered, and the defendant has appealed.

The facts are substantially the same as on the second trial. The action is in ejectment, and the only land now in question is the E. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 30, township 3 north, range 4 west. The land was entered by John H. Garner on the 16th day of January, 1855. John H. Garner conveyed it to William H. Garner, by warranty deed, September 17, 1858, and William H. Garner and his family occupied and improved the land as his own until his death, about 1871; and his widow and children continued to reside on the land and improve it and pay taxes thereon until 1879 or 1880, when they removed to Nebraska and left the land in the possession of a tenant until March, 1881. The defendant went into possession of the land in about 1883 under a quitclaim deed from one John Yager, who held it by a tax deed which has since been declared void, but the defendant is still in possession. The widow and heirs of William H. Garner, deceased, deeded the land to the plaintiff on the 12th day of December, 1883.

Up to this point the title of the plaintiff appears to be perfect, and the defendant does not claim to have any title beyond mere possession under said quitclaim deed. For the purpose of retaining his possession, the defendant introduced a warranty deed executed in July, 1859, by William H. Garner and wife, of this land, to one John B. Wheeler, of the state of New York, for the consideration expressed of $175. The plaintiff contends that this deed was in effect a mortgage to secure the payment of $175 that Garner owed Wheeler, and upon its payment the land was to be reconveyed to Garner; that Ezra Wheeler, the son of John B. Wheeler, was the agent of his father in this transaction, and agreed that on his return to New York, and the delivery of said deed to his father, they would send back to Garner a bond or contract of defeasance for the reconveyance of the land on the payment of the $175. John B. Wheeler died soon thereafter without executing such contract. These facts were substantially proved by the testimony of Parmelia Garner, the widow of said William H. Garner, deceased, and of William J. Garner and John W. Garner, their two sons, who were present when said deed was executed. The testimony of these witnesses is so positive and explicit that if it is not true they are guilty of perjury, and there can be no other conclusion. We are aware of the rule that, in order to convert a deed absolute on its face into a mortgage, the evidence must be very clear and convincing. This testimony is uncontradicted, and there is nothing but a mere, bare suspicion that it may not be true against it. There does not seem to be any good reason why the jury should not have believed it. The jury found that this deed was intended to be a mortgage to secure an indebtedness of William H. Garner to John B. Wheeler, which Garner was under legal obligation to pay, whether he was willing to do so or not. We are compelled to say that this finding is supported by the testimony.

The nature and interpretation of a mortgage as affecting the title of the mortgagor in this state are too well known to require authorities. The title in fee simple of the mortgagor is not impaired or changed in any respect whatever by his execution of the mortgage, but remains in him as before. The mortgage is a mere security for the debt, a mere lien on the land, and collateral to the debt, and follows it, and is a personalty which does not descend to the heirs but goes to the administrator. *Brinkman v. Jones,* 44 Wis. 498.

The title of William H. Garner to the land, therefore, remained as perfect after the execution of the deed as before, if the deed was in fact a mortgage. It is contended by the learned counsel of the appellant that before the deed can be given such effect a specific performance of the verbal agreement of John B. Wheeler to execute the defeasance should be obtained in chancery. That does not seem to be necessary. As soon as the deed is proved and decided to be a mortgage, it is a mortgage to all intents and purposes, with all of its incidents and legal characteristics as it affects the title of the land. Such specific performance no doubt might be obtained, so that the agreement might not rest in parol, but I can find no authority that this is necessary. All authorities agree that the deed may be proved to be a mortgage by parol evidence. *Dobbs v. Kellogg,* 53 Wis. 448.

This finding of the jury is sufficient to entitle the plaintiff to recover, without the seeming inconsistent finding of title by adverse possession. There is no evidence that William H. Garner ever disclaimed the title of John B. Wheeler as his grantee, or claimed to hold by any other title. Although this finding may be unnecessary, and perhaps inconsistent with the fact that said deed is a mortgage, the doctrine that a grantor of an absolute deed, continuing in possession, may set up adverse possession

against his grantee, should at least be questioned.   He does
not so continue in possession as owner, but as tenant for
his grantee.   He will be treated as holding the premises in
subserviency to his grantee until he makes an explicit dis-
claimer of such relation.   *Butler v. Phelps*, 17 Wend. 642;
*Furlong v. Garrett*, 44 Wis. 111; *Ronan v. Meyer*, 84 Ind.
390; *Higginson v. Mein*, 4 Cranch, 415; *Beach v. Catlin*, 4
Day, 284; *Olwine v. Holman*, 23 Pa. St. 279; 1 Am. &
Eng. Ency. of Law, 247.   The plaintiff's title is made good
by converting the deed to Wheeler into a mortgage, and,
when she sets up adverse possession as against that deed
as an absolute conveyance, she destroys the basis of her
legal title.   The two theories are inconsistent.

*By the Court.*— The judgment of the circuit court is af-
firmed.