# Doolittle v. Robertson.

### *Statutory Action of Ejectment.*

1. *Estoppel by deed with warranty; asserting title subsequently acquired by adverse possession.*—The grantor in a conveyance with general warranty is not estopped from asserting against his grantee a title acquired by an adverse possession subsequent to the conveyance; and a title so acquired does not pass to the grantee by virtue of the covenants of warranty.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

On the facts stated in the opinion, the court, at the request of the defendants, gave the general affirmative charge in their favor. The plaintiffs duly excepted to the giving of this charge, and appeal from the judgment in favor of the defendants.

[Doolittle v. Robertson.]

M. M. SMITH, for appellants, cited *Abbett v. Page*, 92 Ala. 571.

JAMES T. GREENE, *contra*, cited *McGee v. Eastis*, 5 Stew. & Port., 426 ; *Doe ex dem Robinson v. Quinlan*, 51 Ala. 539 ; *Yarbrough's Admr. v. Avant*, 66 Ala. 526; *Davis v. Curry*, 85 Ala. 133.

COLEMAN, J.—The appellants, as plaintiffs, instituted the statutory action of ejectment to recover certain lands, in the possession of and claimed by the defendants. The facts are agreed upon, and they present a single question of law for review. Elizabeth Brown, the mother of plaintiffs, went into possession of the land under a parol gift from her father in 1853. In 1868 he executed her a deed to the land, with covenants of warranty, and she remained in open, notorious and adverse possession of the land as her own until the date of her death, which occurred in 1883 ; and her husband, as such, continued in possession until the date of his death, in 1888. In the years 1857 and 1858, some of the plaintiffs and the ancestors of the others, who were children and heirs at law, by warranty deed conveyed the lands to John J. Mays, under whom the defendants claim. It will be seen that at the time of the execution of the deed to John J. Mays, the grantors, now plaintiffs, were not in possession of the lands, and, it seems, have never been in possession, nor was their vendee until after the year 1888. The legal proposition is whether the title and interest inherited by plaintiffs from their mother by virtue of their deed to John J. Mays enured to him. The facts show that by their deed they sold and coveyed, not such interest as they may have then owned, but the land, with covenants of general warranty. Are they estopped from asserting an after acquired title under the facts of the case? In no State perhaps has the rule been more rigidly adhered to than in this, ''that when one sells land to which he has no right, with warranty of title, and he afterwards acquires a good title, it passes instantly to his vendee, and he is estopped from denying that he had no right at the time of the sale.'' This rule has never been so applied as to prevent the grantor from re-acquiring title from his grantee by pur-

chase or by adverse possession.—*Abbett v. Page*, 92 Ala. 571; *Harn v. Smith*, 79 Texas, 310 ; s. c. 23 Am. St. Rep. 340. The real principle which gave rise to the rule was to prevent circuity of action. We are led to the conclusion, from the reason of the rule, and upon general principles of justice and repose, that if the grantee, by *laches* or otherwise, has lost his right to enforce spicific performance, and his action for a breach of the covenant of warranty, the covenantor will not be estopped from asserting a title acquired by him subsequently to that time. 19 Am. & Eng. Encyc. of Law, 1025, and authorities cited in note. According to the facts in one aspect of the case, the breach of the covenant of warranty was as complete on the day of the execution of the deed, and his right of action as complete on the day of the execution of the covenant, as when this suit was instituted. But if we were to concede that, at the date of his deed, the grantee of plaintiffs acquired, held and owned an interest superior to that of Elizabeth Brown, the agreed facts show that from 1868 to 1883, a period of nearly fifteen years, she held the open, notorious adverse possession of the land, claiming the same as her own, and that her husband held in the same right for several years afterwards. The title thus acquired by adverse possession descended to plaintiffs. The right of action for breach of the covenants of warranty was effectually barred when they succeeded to the title of their mother. According to the evidence the possession of John J. Mays did not begin earlier than 1888. The court erred in the instruction given to the jury for the defendants. The plaintiffs were entitled to recover.

Reversed and remanded.