JOHN A. HORBACH, REVIVED IN THE NAME OF MARY A. BOURKE, v. MATILDA J. BOYD ET AL.

FILED MARCH 5, 1902.   No. 11,105.

Commissioner's opinion, Department No. 2.

1. **Rejecting Evidence:** DIRECTING VERDICT.   Where the trial court rejects all the evidence offered by a party and directs a verdict for his adversary, in determining the admissibility of the evidence offered, a reviewing court will give such party the benefit of all inferences that might be drawn reasonably from the testimony received.

13

2. **Tender of Proof: Construction.** An offer of proof, not put in a deceptive manner nor in language calculated to mislead, which is fairly susceptible of a construction rendering the evidence admissible, should be so construed, although a different construction might be put upon it, where it clearly appears from the record that the trial court did not proceed upon a correct theory in rejecting it.

3. **Vacant Lands: Holder of Legal Title: Possession.** The holder of the legal title to vacant lands is deemed to be in possession thereof.

4. **Grantor: Possession: Presumption.** Where a grantor remains in possession after a valid conveyance, his possession is presumed to be permissive and subordinate to the grantee.

5. **Quaere.** In such case, *quære* whether he can claim that his continued possession was adverse without showing actual notice to the grantee.

6. **Deed: Grantor: Covenant of Warranty: Subsequent Adverse Title: Estoppel.** A grantor in a deed with covenant of warranty may acquire a new title, adverse to that of his grantee, by a subsequent entry and adverse possession, and is not estopped from asserting the same by his deed and covenant.

7. **Entry: Adverse Possession: Presumption.** If the grantor subsequently makes an entry upon the possession of the grantee, there is no presumption that the new possession so acquired is permissive or subordinate to the grantee, and a new title may be established by open and notorious adverse possession as in other cases.

Error from the district court for Douglas county. Tried below before Scott, J. *Reversed.*

*Hamilton & Maxwell,* for plaintiff in error.

*Baldrige & De Bord* and *Connell & Ives, contra.*

Pound, C.

This is an action in ejectment by the heirs of Joseph L. Boyd, deceased, to recover certain lots in the city of Omaha. The answer is a general denial and a plea of adverse possession and the statute of limitations. The plaintiffs' case is that in 1857 their ancestor purchased the lots in controversy of John A. Horbach, whose grantee is plaintiff in error; that the purchaser left Omaha soon after, and

died in 1862; and that a warranty deed was duly executed by Horbach, and by him placed of record in the proper office, pursuant to an arrangement or understanding at the time of the purchase. The defendant sought to prove that in 1861 Horbach inclosed the lots and other property with a substantial fence and from that date until 1887 he or his grantee continuously, openly and notoriously were in adverse possession, using the land for a garden; that in 1876 he sold and conveyed it to one Abraham Horbach by warranty deed duly executed, delivered and recorded; that said Abraham Horbach took possession thereunder, and himself or his grantees have been in the continuous, open, notorious and exclusive adverse possession thereof as owners ever since; and that in 1887 such grantees of Abraham Horbach or occupants under them placed a number of buildings upon the premises. All of defendant's offers to prove these facts were rejected by the trial court on the ground that Horbach and those claiming under him were estopped by his deed and covenant and that no actual notice of Horbach's possession and claim of ownership was brought home to said Boyd or his heirs, and a verdict for the plaintiff was directed.

We think it manifest that, in passing upon the admissibility of the evidence offered, this court should give the defendant the benefit of all inferences that may be drawn reasonably from the testimony received. We think, also, that as the offers of proof are not put in a deceptive manner nor in language calculated to mislead, and are fairly susceptible of a construction rendering the evidence proffered admissible, they should be so construed, although a different construction might be put upon them, since the trial judge, in his reasons, expressly stated in the record repeatedly, failed to make an important distinction, and rejected them upon an unsound theory. Ordinarily, every presumption is in favor of the rulings of the trial court, and the record will be so read as to sustain its action, if possible. But where a party is prevented from presenting his case all inferences are to be drawn in his favor that

the record will reasonably permit, and this should be the more true where it is evident that the offers to prove his case would have been rejected, under the theory taken by the trial court, had counsel phrased his offers so as to bring them unmistakably within the view taken by this court. While no one says, in so many words, that the land was vacant at the time of the conveyance, in 1857, such is the fair and almost necessary inference from the evidence admitted. One witness, who went over and surveyed the tract of which the property is a part in 1863, says that he found nothing but a fence, which defendant offered to prove was put there by Horbach in 1861. Several other witnesses testify that the whole tract was "open" as late as 1877, and used as a garden. Moreover, defendant's offer to prove that Horbach inclosed these lots in 1861 and has since occupied them continuously as owner, implies that they were previously vacant. We think, also, that the fair construction of defendant's offers of proof is not that Horbach remained in possession after the deed to Boyd continuously, and seeks to make such possession adverse, but that in 1861, four years after the conveyance, Horbach entered on the land, inclosed it and occupied it, and that he and his grantees have occupied it adversely and claimed to own it, ever since. It must follow that the evidence should have been received.

The holder of the legal title to vacant lands is deemed to be in possession thereof. *Troxell v. Johnson,* 52 Nebr., 46. Hence, when Horbach executed and delivered a deed to Boyd which conveyed the legal title, posession went with it. The land being vacant, the same act that divested Horbach's title and created a title in Boyd, terminated Horbach's possession, and put Boyd in possession. Such possession, as we understand defendant's claim, continued for four years. Then, in 1861, as defendant offered to prove, Horbach inclosed the land and other tracts with a substantial fence; he and his lessees cultivated it; he publicly and notoriously claimed to own it, and was named as owner on maps and plats in general circulation; the land

was assessed as his; he conveyed it, and he and his grantees and lessees put houses upon it. This is not a continuance of the possession existing prior to the conveyance. It is a subsequent entry, creating a new and independent possession, and giving rise to a new and original title. We have no doubt that, where a grantor remains in possession after a valid conveyance, his possession is presumed to be permissive and subordinate to the grantee. *Humphrey v. Hurd,* 29 Mich., 44; *Schwallback v. Chicago, M. & St. P. R. Co.,* 69 Wis., 292, 34 N. W. Rep., 128. In such case, in order that the possession be treated as adverse to the grantee, there must be strong proof to overcome this presumption. It has been said, generally, that the grantor who continues in possession must make an "explicit disclaimer" of subserviency to the grantee; that this disclaimer must be "clear, unequivocal and notorious"; and that his possession becomes adverse only upon a "notorious assertion of right in himself." *McCormick v. Herndon,* 86 Wis., 449, 56 N. W. Rep., 1097, 1098; *Sherman v. Kane,* 86 N. Y., 57, 68; *Burhans v. Van Zandt,* 7 Barb. [N. Y.], 91. In any ordinary case, the acts of Horbach in conveying the land, causing himself to be named as owner upon maps and plats, and openly and publicly claiming it as his own, would amply suffice. Even in case of a deed absolute by way of mortgage, where there is a certain fiduciary relation, this court has held that acts of ownership after payment of the debt secured, of themselves, justify a finding that the possession of the creditor is adverse. *Stall v. Jones,* 47 Nebr., 706. Counsel have argued, however, that between grantor and grantee, where the grantor continues in possession, the same rule applies as in cases of landlord and tenant, tenants in common, and the like, in which cases the possession does not become adverse until notice of the adverse claim is brought home to the other party. *Shields v. Horbach,* 49 Nebr., 262; *Ross v. McManigal,* 61 Nebr., 90; *Smith v. Hitchcock,* 38 Nebr., 104. There is much to be found in the books in support of this contention. But we do not find it necessary

Horbach v. Boyd.

to pass on the question in this case, nor to decide whether a long continued course of open, notorious and unequivocal acts of ownership, such as the defendant offered to show in the case at bar, would not suffice to rebut the presumption of a permissive occupancy, without proof of further actual notice to the grantee in person. For if the defendant's case is that a new entry was made four years after the conveyance, and a new possession began from that entry, an entirely different case is presented, to which the rules relied upon by the trial judge, assuming them to govern a case of continued possession after the conveyance in all the stringency contended for, have no application. It can not be doubted that a grantor who has conveyed by deed with convenant of warranty, may acquire a new title adverse to that of his grantee by a subsequent entry and adverse possession, and is not estopped from asserting the same by his deed and covenant. *Stearns v. Hendersass,* 9 Cush. [Mass.], 497; *Sherman v. Kane,* 86 N. Y., 57; *Eddleman v. Carpenter,* 7 Jones Law [N. Car.],616; *Hines v. Robinson,* 57 Me., 324; *Cramer v. Benton,* 64 Barb. [N. Y.], 522. It must be evident that, if the grantor subsequently makes an entry upon the possession of the grantee, there is no presumption that the new possession so acquired is permissive or subordinate to the grantee. This would be the more obvious where several years intervene between the grant and the entry. Whatever the rule may be where the possession of the grantor continues after the conveyance, in such a case the new title may be established by proof of open and notorious adverse possession, as in other cases.

We are of opinion, therefore, that the court should have received the evidence offered, and that a new trial should be had, at which the condition of the land when conveyed and the date when Horbach took actual possession will doubtless be shown fully and explicitly. To that end we recommend that the judgment be reversed and the cause remanded.

Barnes and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.