HALVORSEN and wife, Respondents, vs. HALVORSEN and another, Appellants.

*November 19—December 11, 1903.*

*Equity: Cause of action: Vendor's lien: Consideration: Parol evidence.*

1. An action in equity to enforce the equitable right to a lien for unpaid purchase money on realty conveyed in consideration of support and maintenance of the grantors in old age, is not a suit to enforce a parol trust in land, nor is it an action for a forfeiture of the title for breach of condition subsequent.
2. The true consideration for a conveyance of land can always be inquired into by parol.
3. A vendor of realty has an equitable right to have the unpaid consideration therefor, by the action of a court of equity, made a lien thereon, and to have the use of its jurisdiction to enforce the same as justice may require.
4. The-equitable right to a vendor's lien is not an interest in land in advance of the judgment of the court creating it. It is a right merely to demand the use of equity jurisdiction to enable the vendor to acquire an interest.

APPEAL from an order of the circuit court for Crawford county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action to acquire and enforce a lien on realty. The facts set forth for a cause of action are these: In 1885 plaintiffs, who were husband and wife, being possessed of a farm of 200 acres particularly described, and its belongings, the accumulations of a life of industry, and being too old and infirm to longer work such farm as they customarily had, made a conveyance thereof to their son Gilbert, one half of the property to be his in consideration of services rendered, and one half of the homestead land and one half of the personal property to be held by him in trust to convey the same to such person as they might thereafter direct, for their support and maintenance in their old age. July 9, 1889, Gilbert executed the trust by conveying the trust property to his brother Edward, the sole consideration being that the latter should support and maintain plaintiffs on the farm and in the house thereon during the rest of their lives. Edward took possession of the property so conveyed, and carried out his agreement in respect to the maintenance of the old people, till September 21, 1900. On that day, pursuant to an agreement between himself, the plaintiffs and his brother George, and the wife of the latter, the defendant *Lorine,* to the effect that George should take the property conveyed to Edward as aforesaid and assume all his obligations in regard to the maintenance of the plaintiffs, a conveyance was so made to George, taking title not only to all the property conveyed to Edward as aforesaid, but also to all his additions made by the latter thereto, and the growing crops on the farm, rendering no consideration therefor in addition to assuming the obligation to maintain the plaintiffs as aforesaid, except the sum of $700, which was raised by mortgage upon the property and paid to Edward on account of such growing crops and additions. George and his wife faithfully carried out their contract in regard to plaintiffs till George died, in September, 1901. He left surviving him his said wife and a minor daughter, the defendant *Laura.* Shortly after his death his widow

compelled the plaintiffs to leave the old home, since which time she has prevented them from returning thereto and has wholly neglected and refused to carry out the aforesaid contract. The $700 mortgage against the property is wholly unpaid. The prayer for relief is that the amount necessary to support plaintiffs during the remainder of their days be ascertained and adjudged to be a lien upon the land involved prior to any claim of the defendants, and that such lien be enforced by a sale of the property, the proceeds of the sale, so far as necessary, to discharge such lien and the costs of the litigation, to be devoted thereto, and the money belonging to plaintiffs to be paid to them or devoted to their support and maintenance under the direction of the court. Defendants demurred to the complaint for insufficiency. The demurrer was overruled and defendants appealed.

For the appellants there were briefs by *Skaar & Bosshard,* and oral argument by *Otto Bosshard.*

For the respondents the cause was submitted on the brief of *O. B. Thomas.*

MARSHALL, J. This is not a suit to enforce a parol trust in lands, as appellants' counsel seem to suppose; hence the argument that the agreement under which Gilbert took title to the property in question, or the agreement under which George took and held the same at the time of his death, is void under sec. 2302, Stats. 1898, does not need attention. Neither is it an action for a forfeiture of the title to realty for breach of condition subsequent under the rule which controlled in *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, which rule counsel on both sides seem to think must be considered. Therefore we need not spend time discussing the question of whether the complaint states a cause of action thereunder. It is an action in equity to enforce the equitable right to a lien upon the land in controversy for the unpaid purchase price thereof. That is plain.

The only trust, strictly speaking, that plaintiffs show was created or attempted to be created, was involved in the conveyance of the property by plaintiffs to their son Gilbert. That was fully executed when he conveyed the property to his brother Edward. That took the matter out of the statutes of frauds, as they deal only with executory contracts. When the latter conveyance was made, and when the conveyance was made by Edward to his brother George, the consideration agreed upon was no different in legal effect than it would have been had the agreement been to pay for the land in money at some future time. The only element of trust in the transaction was the fact that plaintiffs trusted their children to pay for the property according to contract,—the element of trust that is involved in any ordinary transaction where one sells property to another, trusting him, without security to pay therefor at a future time.

From the preceding it will be seen that we must answer these questions: First, may a person prove by parol the consideration for a conveyance of realty and establish a legal obligation to pay the same? Second, has a vendor of realty an equitable right to have the unpaid consideration therefor, by the action of a court of equity, made a lien thereon, and to have the use of its jurisdiction to enforce the same as justice may require? Both of such propositions need hardly more than be stated as a basis for the decision of the ultimate question here presented. Both are ruled in respondents' favor by numerous decisions of this court, and by elementary principles.

The true consideration for a conveyance of land can always be inquired into by parol. For examples: A deed absolute in form may be shown to have been given in fact to secure the payment of a debt and to be a mortgage (*McCormick v. Herndon,* 86 Wis. 449, 56 N. W. 1097). Any agreement made prior to or contemporaneous with the conveyance of land and in respect thereto, not involving the ordinary

covenants of title, may be shown by parol. (*Hahn v. Doolittle,* 18 Wis. 196; *Green v. Batson,* 71 Wis. 54, 36 N. W. 849.) Where land is conveyed, the deed containing language to the effect that the property is free and clear of all incumbrances except a certain mortgage indebtedness, specifying the amount thereof, no mention being made in the instrument or any other writing that the vendee agreed to pay off such indebtedness as part of the purchase price of the property, such an agreement may be shown by parol and enforced by the person for whose benefit it was made. *Perkins v. Mc-Auliffe,* 105 Wis. 582, 587, 81 N. W. 645. In the latter case many adjudications are referred to, holding that the consideration of a conveyance of land may be established by parol and the rights of the parties protected accordingly, when the verbal agreement will not be inconsistent with the consideration expressed in the deed, though such expressed consideration and the verbal agreement may differ.

On the second question this court has spoken in the affirmative in many instances. *Tobey v. McAllister,* 9 Wis. 463; *Wickman v. Robinson,* 14 Wis. 493; *Crowe v. Colbeth,* 63 Wis. 643, 24 N. W. 478; *Berger v. Berger,* 104 Wis. 282, 80 N. W. 585. In *Crowe v. Colbeth* both of our propositions were involved. It was held that though a deed acknowledge full payment, it is competent for the vendor to show by parol that payment was only partial, that there was an agreement to make a further payment in the future, and to enforce such agreement by means of equity jurisdiction to acquire a lien upon the property and foreclose the same.

The idea advanced by counsel, that the effect of this suit, if maintainable, is to recognize the creation by plaintiffs and their sons Edward and George of an interest in land in plaintiffs' favor, or a reservation of such an interest, by parol, was fully met in *Berger v. Berger.* The equitable right to a vendor's lien is not an interest in land at all. It is a right merely to demand the use of equity jurisdiction to enable the

vendor to acquire an interest.   There is no interest in the land in such a case, possessed by the vendor, in advance of the judgment of the court creating it.   Thus, the court creates the lien, so to speak, not the parties to the conveyance of the land.   The rule was thus stated in *Berger v. Berger:*

"The conveyance of land by deed passes the entire title, legal and equitable, to the vendee, subject to the vendor's equitable right to resort to it to collect unpaid purchase money, saving, however, the rights of innocent third persons. Except as otherwise provided by statute, and saving the rights of innocent interveners for value, the vendor may demand the exercise of the power of a court of equity to lay hold of the property and subject it to the payment of the purchase-money claim."

There is no other question, suggested by counsel for either party, that need be mentioned.   The complaint states a good cause of action in equity to obtain a vendor's lien upon the land involved; hence the demurrer was properly overruled.

*By the Court.*—The order is affirmed.