PEOPLE *v.* CAMP.

DRUNKARDS—DRUNKENNESS—CRIMINAL OFFENSE.
   A person intoxicated when walking on a public street to land adjacent thereto, where he is arrested before complaint made, is properly convicted of a violation of the statute (§ 11736, 3 Comp. Laws), punishing intoxicated persons when on the public streets, etc.

Exceptions before judgment from Hillsdale; Chester, J.   Submitted November 16, 1905.   (Docket No. 147.) Decided December 4, 1905.

Bert Camp was convicted of drunkenness.   Affirmed.

*Charles M. Weaver* and *Merton Fitzpatrick*, for appellant.

*Clayton A. Powell*, Prosecuting Attorney, for the people.

HOOKER, J.   Section 11736, 3 Comp. Laws, provides:

" *The People of the State of Michigan enact:* That any person who shall be drunk or intoxicated in any hotel,

tavern, inn or place of public business, or in any railway car or street car, or in any street, alley, lane, highway, or railway, or other public place, or in any public assemblage of people shall, on conviction thereof, before any court of competent jurisdiction, be punished by a fine not exceeding $20.00 and the costs of prosecution, or by imprisonment in the common jail of the county not exceeding thirty days or by both such fine and imprisonment in the discretion of the court. "

The defendant was convicted of a violation of the statute, the warrant charging "that one Bert Camp was on the 12th day of February, A. D. 1904, at the city of Hillsdale, in said county of Hillsdale, drunk and intoxicated on a public street and place in said city, to wit: On Hillsdale street, that being one of the public streets of Hillsdale, Mich., contrary to the form of the statute in such case," etc. The evidence shows that he was arrested before complaint was made, by an officer, upon a triangular piece of land adjoining Hillsdale street, about two to six feet east of the sidewalk, while lying upon his back in a tussle with his brother. The evidence also shows that he had been drinking in a saloon upon Hillsdale street, and had gone from there out, upon Hillsdale street, to the place where he was arrested. Counsel contend that the warrant charges that defendant was drunk while on a public street; while the testimony shows conclusively that he was upon private property. The jury found that the defendant was intoxicated at the time charged, and upon a public street, viz., Hillsdale street. It seems clear that the testimony justified the jury in finding defendant guilty of being drunk upon the public street named, and the fact that he was also drunk on adjacent private property, where he was afterwards arrested, is not inconsistent with their conclusion.

We see no occasion to disturb the verdict, and the circuit court is directed to proceed to pronounce judgment upon the defendant.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.