G. A. HANTZ v. DANIEL MAY and MRS. DANIEL MAY, Appellants.

Conveyances: DESCRIPTION : IDENTIFICATION BY EX PARTE AFFIDAVITS.
1 *Ex parte* affidavits are competent, under Code, section 2957, for the purpose of identifying land, the description of which is ambiguous, in a conveyance or will.

**Same.** The description in a conveyance as "all of the west half of the southwest quarter of section twenty-six which lies north of the public highway," is sufficient, where it is shown that the parties knew the land and the exact location of the highway.

*Appeal from Warren District Court.*— HON. EDWARD NICH-OLS, Judge.

SATURDAY, FEBRUARY 15, 1908.

SUIT to enforce a specific performance of a contract for the sale of real estate.    There was a judgment for the plaintiff, from which the defendants appeal.— *Affirmed.*

*O. C. Brown,* for appellants.

*Henderson & Henderson,* for appellee.

SHERWIN, J.— Two actions were consolidated and tried as one in the court below.  Suit was brought by Daniel May against G. A. Hantz to recover $200 paid to said Hantz as a part of the purchase price of the land involved herein; and on the same day Hantz brought an action for the specific performance of the contract for the sale of the land.    There is no disagreement as to the terms of the contract.    It was in writing, and the plaintiff agreed therein to convey to Daniel May the land in question, which was therein described as follows:    "All of the west half of the southwest quarter of section twenty-six, township seventy-six, range twenty-four, west of the 5th P. M. Iowa, lying north of the public highway running east and west through said lands."    Hantz was to furnish an abstract of title to said land showing good title of record and a sufficient deed thereto on or before March 1, 1907.

The controversy here is over the sufficiency of the abstract; and it involves only two questions.   The land was entered by Amos Barker, and subsequently became the property of Wm. Hobbs, who was at the time of his purchase

and until his death a resident of England. He willed the land to his wife, Elizabeth, and the will was duly probated in Warren county in 1886. Elizabeth Hobbs died in England some time prior to 1877, leaving a will, by the terms of which she gave to her niece, Emma Dyke, " her farm situated in the State of Iowa in the United States of North America, same being now occupied by Thomas Dyke, husband of Emma Dyke." Objection was made to the abstract because the will of Elizabeth Hobbs did not properly describe or identify the land devised, and it was the opinion of counsel who passed on said abstract that it would require a decree of court to make proper identification thereof. Thereafter the plaintiff procured and caused to be recorded affidavits which clearly identify the land as the only land owned by Wm. or Elizabeth Hobbs in Iowa, and as the only land in the State ever occupied by Thomas or Emma Dyke. The appellants concede that parol evidence is competent to identify land, the description of which is ambiguous in a conveyance or will, but contend that an identification by *ex parte* affidavits does not comply with the rule and does not in fact show a perfect title.

And such would undoubtedly be the case were it not for the provisions of Code, section 2957. It is there provided that " affidavits explaining any defect in the chain of title to any real estate may be recorded as instruments affecting the same." The failure to properly identify the land, where parol evidence would be competent for the purpose, causes nothing more than a defect in the chain of title; for, if the land can be thus identified and made certain, title thereto passes with the conveyance, and the identification does no more than cure a defective description. It is not essential to a valid conveyance that the instrument should on its face disclose the exact limits or the exact governmental description. It is sufficient if it is so definite and certain that the land may readily be ascertained. Warvell on Ab-

1. CONVEYANCES: description: identification by *ex parte* affidavits.

stracts (3d Ed.) section 184. The affidavits in question showed that Thomas Dyke and his wife, Emma Dyke, had been in possession of the land for more than thirty years, and that, after the death of Emma Dyke, Thomas Dyke continued in possession thereof several years longer, and until his death in 1897. They further showed that the Dykes never occupied any other land in Iowa, and that Elizabeth Hobbs never owned any other. We think these affidavits were properly recorded under the provisions of section 2957, and that with them the abstract showed good title in the plaintiff, so far as the description and identification of the land was concerned. In *Fagan v. Hook,* 134 Iowa, 381, affidavits were relied upon to show title in a grantor, not to identify the land conveyed, and we held them incompetent for that purpose. We said therein: "From the wording of the statute, it was likely intended to enable the landowner to make of record explanations of apparent, rather than real, defects."

The remaining objection to the abstract "is that the description of the land is not of record." Barker, who entered the land, conveyed it as "all of the west half of the 2. SAME. southwest quarter of section twenty-six, etc. . . . which lies north of the public highway running east and west through said lands"; and all later conveyances gave the same description. Barker's conveyance was made in 1851, and the evidence establishes the fact that a highway then ran nearly east and west immediately south of said land. The contract sued on herein described the land in the same way, and the evidence shows that the defendant knew the land and the exact location of the highway. By the terms of the contract only the land lying north of the highway was to be conveyed. The number of acres was not specified, and the land was sold for a lump sum without any agreement as to its value per acre. The defendant agreed to pay a certain sum for so much of the eighty-acre tract as was north of the highway then in

existence and in use, and by this contract he is bound.    The cases relied upon by the appellants which hold that the description in the deed must indicate the figure of the land are tax-title cases, and did not involve the question here presented.    See *Roberts v. Deeds,* 57 Iowa, 320; *Tucker v. Carlson,* 113 Iowa, 449.

The judgment of the district court is right; and it is *affirmed.*