CHARLES DUDYCHA et al., Appellees, v. D. W. BRENNAN, Appellant.

**DEEDS: Affidavits Explanatory of Title.** Affidavits which adequately
1  explain and negative an apparent break in the chain of title to real estate become conclusive in their statements of fact after being made of record and remaining unquestioned for a period of three years.

**DEEDS: Property Conveyed—Equivocal Description.** Abstract of title
2  reviewed, and held sufficient to show good title against the charge that the description might cover property in either of two different additions.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

DECEMBER 11, 1923.

ACTION in equity for specific performance to compel the defendant to pay the balance due on a contract for the purchase of real property. Decree for plaintiff, as prayed. Defendant appeals.—*Affirmed.*

*Ring & Hann,* for appellant.

*Deacon, Sargent & Spangler,* for appellees.

STEVENS, J.—On or about May 1, 1921, the parties to this action entered into an oral agreement for the purchase and sale of the northeast half of Lot 8 in Block 52 in the original town, now city, of Cedar Rapids, Iowa. The consideration agreed upon was $1,500. $1,200 was paid, and possession of the premises assumed by appellant. The effect of appellant's pleadings is to admit that

1. DEEDS: affidavits explanatory of title.

the balance of the purchase price is due if the deed and abstract tendered by appellees meet the requirements of the oral agreement and understanding of the parties.

Appellees furnished appellant an abstract certified to date, but appellant alleges that it fails to show a merchantable and satisfactory title in appellees. The defects in the record complained of are that the description in numerous conveyances shown on the abstract is imperfect, and that there is a complete break in the chain of title. The premises in controversy are situated in the original town of Cedar Rapids. The abstract contains one hundred entries, in which the premises are variously described as being situated in "Cedar Rapids, Linn County, Iowa," "The Original Town of Cedar Rapids," "Cedar Rapids," and, in the deed to appellant, as "in the city of Cedar Rapids, (original town, according to the recorded plat of said town)." The break in the chain of title occurs in a deed recorded March 12, 1856. The grantor named in this deed is Timothy Colgan. It is shown by affidavit that N. B. Brown purchased the property of Timothy Colgan, and paid him the consideration therefor, and that said N. B. Brown continued to be the owner of said property until it was conveyed to one McIntosh. This affidavit is signed by Susan Brown, the surviving widow of N. B. Brown, and further recites that, while the deed was made in blank, it was delivered to her husband as grantee. The affidavit of Mrs. Brown, which is dated May 8, 1907, was recorded more than three years before Section 2963-i of the Supplement to the Code, 1913, went into effect. An affidavit signed by Harry T. Brown, son of N. B. Brown, further shows that the original deed executed by Colgan in blank was found among the papers of his father, after his decease.

Appellant does not seek rescission of the contract, but asks damages in the sum of $200, which he alleges in a cross-petition will be the reasonable amount required to quiet title to the property. There is some dispute in the evidence as to whether the abstract to be furnished was to show a merchantable title only, or whether it was to show a title both merchantable and satisfactory to appellant. A fair construction of the testimony of the parties, we think, required appellees to furnish an abstract showing a good

2. DEEDS: property conveyed: equivocal description.

and merchantable title. We need not cite authorities to the point that, where the payment of the purchase price is conditional upon the vendor's furnishing an abstract showing a good and merchantable title, an action for specific performance will not lie until the required abstract is tendered. It is stipulated by the parties that the plat of the original town of Cedar Rapids shows a block numbered 52, containing a lot No. 8, and that a like description is shown on the plat of O. N. Hull's Sixth Addition to Cedar Rapids. The descriptions complained of may not be as specific as they could have been made, but the variations are too slight to cast doubt or uncertainty upon the chain of title, and clearly negative any possible inference that property of like description in Hull's Addition to Cedar Rapids was intended.

As to the other point, the defect seems to be cured by Section 2963-i, Supplement to the Code, 1913, which provides that:

"Affidavits on record in the office of any county recorder at the time of taking effect of this act explaining any defect in the chain of title to real estate arising prior to January 1, 1900, or the records thereof made under Section 2957 of the Code shall be conclusive evidence of the facts purported to be stated therein in all actions involving the title to said real estate and affidavits thereafter made and recorded as provided in Section 2957 of the Code shall be prima-facie evidence of the facts therein contained for three years next succeeding the recording thereof and thereafter the same shall be conclusive evidence of the facts therein contained."

The validity of this statute is not questioned. The judgment and decree of the court below is—*Affirmed.*

PRESTON, C. J., DE GRAFF and VERMILION, JJ., concur.