F. W. McClain, Appellant, v. O. M. Roberts et al., Appellees.

APPEAL AND ERROR:  Remand—Failure to Comply With Order.  A
1  delay of some two days in complying with an order by the appellate
   court on remand will be disregarded, in the absence of any showing
   of prejudice.

APPEAL AND ERROR:  Remand—Substantial Compliance With Order.
2  Substantial compliance with an order by the appellate court on re-
   mand is all-sufficient.

ESTOPPEL:  Contracts—Inconsistent Conduct.  One may not base an
3  objection on his own shortcoming.

APPEAL AND ERROR:  Remand—New Objections.  A party in an
4  action for specific performance may not, after remand by the ap-
   pellate court, refuse to perform on account of conditions not covered
   by the remand order.

*Appeal from Jefferson District Court.*—D. M. Anderson,
Judge.

November 11, 1924.

Originally this was a suit in equity, brought by plaintiff, appellant, for the specific performance of a land contract wherein he was vendee.  Lands were advancing in price, and plaintiff desired the land.  Before the time for performance arrived, lands were on the down grade, and defendants filed a cross-petition, asking specific performance.  There was a decree for defendants.  On appeal, a slight modification in the decree was made.  A decree was entered in the Supreme Court, and the cause remanded.  The facts in the first case are fully stated in the opinion rendered in the original appeal.  *McClain v. Roberts,* 194 Iowa 1026.  After the remand, and on May 23, 1923, defendants filed a motion for judgment as provided by the decree of the Supreme Court, alleging that they had complied with all the provisions of said decree, and that plaintiff had failed to comply therewith and execute a note and mortgage and pay the money into the hands of the clerk of the district court, as pro-

vided by said decree. On September 24, 1923, plaintiff filed a resistance to said motion, and asked the court to discharge the judgment, on various grounds which will be referred to later. A hearing was had, and the trial court sustained defendants' motion, and entered judgment. The plaintiff appeals.—*Affirmed.*

*Thoma & Thoma,* for appellant.

*Roberts & Webber* and *Starr & Jordan,* for appellees.

PRESTON, J.—1. One ground of plaintiff's resistance is that defendants failed to comply with the decree of the Supreme Court in that they failed to file with the clerk of the district court the abstract of title to the land in controversy, brought down to date, within thirty days from the filing of the decree of the Supreme Court. The decree was filed in the office of the clerk of the Supreme Court on January 20, 1923. Plaintiff contends that such date is the beginning of the thirty-day period. The abstract was returned from the Supreme Court when the exhibits were returned. It was taken out by counsel for defendants, who had it continued and certified, and returned it to the clerk of the district court on February 22, 1923. The abstract was complete at that time, and complied with the requirements of the decree of the Supreme Court. Plaintiff's attention was called to the fact that it was there. A certified copy of the decree of the Supreme Court was filed with the clerk of the district court January 23, 1923. The abstract, filed February 22d, would be within the thirty days from that date. It is appellees' contention that the time should be so computed. According to appellant's contention, the filing of the abstract was two days late. Without determining which date is the proper one, it is enough to say that there is nothing in the record to show that plaintiff was in any manner prejudiced by the delay, as he contends, of two days. It was a substantial compliance with the terms of the decree, and that is all that is required.

1. APPEAL AND ERROR: remand: failure to comply with order.

2. The decree of this court provided that, on or before

March 1, 1923, satisfaction pieces of the two mortgages on the
land were to be deposited with the clerk of the district court, on
or before March 1, 1923. One of them was regu-

2. APPEAL AND
ERROR: remand:
substantial com-
pliance with
order.

lar and on file, and no question is made as to that.
A satisfaction piece for the other mortgage, that
of Hiatt and Chatterton, executed by Web-
ber, was on file with the clerk, but was accompanied by no as-
signment by Hiatt and Chatterton. The assignment had been
made by Webber, and had been delivered to the county recorder
for record, and was recorded on March 1, 1923; so that Webber's
satisfaction on that day was valid, and was of record in the re-
corder's office. All necessary for anyone interested in knowing
whether the Webber satisfaction was sufficient, would be to go
to the recorder's office. This, we think, was a substantial com-
pliance with the decree.

3. Another contention by plaintiff is that he had sold 90
acres of the land in controversy to one Hetrick, which sale was
to have been consummated and possession given March 2, 1923,

3. ESTOPPEL: con-
tracts: incon-
sistent conduct.

and that he expected to use the proceeds of
such sale in part payment of defendants' claim,
but that, because of defendants' failure to give
proper satisfaction of the mortgages and a merchantable abstract
of title, and failure to deliver possession, plaintiff was unable to
make this sale. We have already sufficiently referred to the
Webber satisfaction, which applies to this claim. Hetrick's at-
torney, who was employed to examine the abstract and assist in
the deal, testifies that he would not have approved the abstract
if the assignment had been shown thereon, unless it had been
brought down to date, so that he could have examined it fully at
the time. If the abstract had been brought down to date, it
would have shown the assignment to Webber, as before stated.
As to the claim that possession was withheld, it appears that
Roberts, as receiver, rented the farm to one Cornell for the year
ending March 1, 1923. Cornell desired to rent it for another
year, but Roberts refused to rent it because he did not expect to
have the farm. In the fall of 1922, Cornell wanted to do some
fall plowing, and asked appellant about it. He was told to go
ahead, and that, if appellant got the farm, he would rent it to

Cornell unless he sold it, and if he sold it, he would pay Cornell for the plowing. Cornell says he believed the Hetrick sale was a sham, to get him off, and he conceived the idea of staying on the place, which he did. This talk with McClain was early in September, 1922. Cornell testifies that, after he heard that the court decided the case in Roberts' favor, he did not claim any right to stay there after the 1st of March, 1923, on account of any arrangements with Roberts; so that, if Cornell had any right at all to remain on the farm after March 1, 1923, it was because of his conversation with appellant, and not through any connivance with defendants, as plaintiff claims. If appellant had carried out the contract with defendants, he would have had no difficulty in ousting Cornell and consummating his deal with Hetrick. We think appellant has no just cause of complaint at this point.

4. Appellant further contends that O. M. Roberts, acting as receiver of the land in controversy, in failing to make proper accounting of the rents and profits, has hindered and delayed a consummation of the contract, in that, if credited with the net profits, the plaintiff would not be compelled to raise so much money to make the cash payment required. There is nothing in the decree of the Supreme Court requiring an accounting of the rents and profits as a condition precedent to the consummation of the contract. The facts in regard to this matter are substantially these: The receiver filed his first report January 23, 1923, showing the receipts and disbursements and that there was a balance of approximately $625 due appellant. This report was not as specific as it should have been, and appellant's objections thereto and motion to make more specific were sustained, and the report was amended, showing practically the same amount due appellant. Counsel had stipulated that the receiver should file his report by January 23, 1923, and that plaintiff should file exceptions by January 27th, and that the district court should hear the matter January 29th, or as soon as convenient thereafter. It appears from the record that at that term the court was engaged almost entirely with the trial of criminal cases. The trial court found that:

4. APPEAL AND ERROR: remand: new objections.

"It is doubtful if the matter could have been heard then, even had counsel for both sides been even more than ordinarily anxious. It would have been a little surprising if the report could have been acted upon and disposed of by March 1, 1923. * * * The most that could have been expected would have been to have closed the matter at the May term of court. After the first of March, it became a bone of contention, and neither side seemed anxious that the matter of the receivership be heard. It was assigned at the same time this cause was, but counsel·for both sides suggested that it be passed until these motions were disposed of."

The trial court found, and we think properly so, that defendants had substantially complied with the decree of the Supreme Court on March 1, 1923, and that plaintiff did not offer to perform upon his part within twenty days thereafter, as provided by the decree, and that defendants were entitled to judgment against plaintiff, as provided in the decree.

The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.