Audrey S. SORENSON, a widow, Dennis G. Jeffrey and Nellie I. Jeffrey, husband and wife, Dennis Solberg and Carolyn Solberg, husband and wife, Jerome E. Meyer and Bonnie J. Meyer, husband and wife, Roger Jeffrey and Joyce L. Jeffrey, husband and wife, Appellees,

v.

Eugene E. WRIGHT, also known as E. E. Wright, and Arlene A. Wright, also known as Arlene Wright, husband and wife, the Federal Land Bank of Omaha, Harold Jeffrey and Lucinda Jeffrey, husband and wife, and Woodbury County, Iowa, Appellants.

No. 60751.

Supreme Court of Iowa.

July 26, 1978.

James C. Hanks, of Stewart, Hatfield, Klass & Whicher, Sioux City, for appellants.

G. Daniel Gildemeister and Warren R. Stienstra, of Margolin, Goldblatt, Stienstra, Ryan & Gildemeister, Sioux City, for appellees.

Considered by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This appeal presents a real estate title question. Plaintiffs Audrey S. Sorenson, Dennis G. Jeffrey, and Roger Jeffrey allege they own an undivided one-third interest in 120 acres of Woodbury County farm land. Defendants contend Albert Jeffrey, through whom plaintiffs claim, did not acquire that interest in the conveyance relied upon by plaintiffs because it inured to his grantee in a prior conveyance of the land pursuant to the after-acquired interest provision of § 557.4, The Code. The trial court rejected defendants' contention and quieted title in plaintiffs. We affirm.

The relevant facts are undisputed. Ernest Jeffrey, Sr., owned the 120 acres at his death, intestate, in 1946. He was survived by his wife Inez and six children, Ernest Jeffrey, Jr., Harold, Helen, Frances, Opal Mae and Albert.

On April 16, 1947, Albert conveyed an undivided one-third interest in the 120 acres to his mother Inez by warranty deed. The deed recited "one dollar and other valuable consideration" for the transfer, but no revenue stamps were affixed.

On August 13, 1947, the heirs of Ernest Jeffrey, Sr., signed a family settlement agreement which was filed in the estate proceeding. Under the agreement the three sons, Ernest, Jr., Harold and Albert, were each to receive an undivided one-third interest in the 120 acres. On September 1, 1947, the other heirs conveyed these interests to the sons as tenants in common, by special warranty deed. The grantors recited it was their intention to divest themselves of "all right, title and interest" in the property.

Albert married plaintiff Audrey Sorenson in 1949. He died intestate in 1971, leaving his widow and two children, Dennis and Roger, who are plaintiffs in this case. Audrey, Dennis and Roger are Albert Jeffrey's sole heirs. The other plaintiffs no longer assert an ownership interest in the land.

Defendants Eugene E. Wright and Arlene A. Wright, husband and wife, claim to be owners in fee of 80 acres of the property subject to a mortgage held by defendant Federal Land Bank of Omaha. Defendants Harold Wright and Lucinda Wright, husband and wife, claim to own the remaining 40 acres in fee. The Wrights trace their title through a 1974 deed from Ernest Jeffrey, Jr., who, in turn, had received quitclaim deeds to the 80 acres from Inez Jeffrey in 1965 and from Harold Jeffrey in 1974, as well as the special warranty deed pursuant to the 1947 family settlement. The Harold Jeffreys trace their title to quitclaim deeds from Inez and Ernest, Jr., in 1955 and the family settlement deed in 1947.

Defendants' problem is that if the September 1947 special warranty deed to Albert conveyed to him an undivided one-third interest in the premises, as it purported to do, they did not subsequently acquire that interest and it is held by Albert's heirs. If Albert did not receive that interest, then they received it through the quitclaim deeds from Inez.

The determinative issue is whether the after-acquired interest principle in § 557.4, The Code, had the effect of leaving in Inez the undivided one-third interest she purported to convey to Albert in the September 1947 special warranty deed. The statute provides:

Where a deed purports to convey a greater interest than the grantor was at the time possessed of, any after-acquired interest of such grantor, to the extent of that which the deed purports to convey, inures to the benefit of the grantee. But

if the wife or husband of such grantor joins in such conveyance for the purpose of relinquishing dower or homestead only, and subsequently acquires an interest therein as above defined, it shall not be held to inure to the benefit of the grantee.

Defendants contend the statute applies here because when Albert purported to convey an undivided one-third interest to Inez by his April 16, 1947, warranty deed, he held only an undivided one-ninth interest in the premises. Thus, they argue, he purported to convey a greater interest than he had, and when he subsequently received the conveyance of the greater interest it inured to the benefit of Inez, his earlier grantee.

The principle incorporated in § 557.4 is the common-law doctrine of estoppel by deed. *Whitley v. Johnson*, 135 Iowa 620, 624, 113 N.W. 550, 551 (1907) ("And this is the rule of the statute, as well as the cases."); *Heaton v. Fryberger*, 38 Iowa 185, 188 (1874). The doctrine rests on the premise that when a deed recites or affirms that the grantor is seized of a particular estate which the deed purports to convey, the grantor will thereafter be estopped to deny that such an estate passed to his grantee. Therefore, if he subsequently acquires the title which he previously purported to convey, it immediately inures to the benefit of his grantee. He cannot be heard to say he did not have that title at the time of his conveyance. *Bisby v. Walker*, 185 Iowa 743, 747–750, 169 N.W. 467, 469–470 (1919).

This principle, both at common law and under statutes, is not without exception. One exception exists when the after-acquired interest comes from the earlier grantee. The reason for this exception is that no basis for estoppel is present in that situation. It is not inconsistent for the original grantor to accept from the grantee the same interest he earlier purported to convey. His acceptance does not constitute a denial of the title he conveyed to the grantee.

The exception is stated in 4 Tiffany, Real Property § 1233 at 1115–1116 (Third Ed. 1975), as follows:

The doctrine that a grantor is estopped to assert an after-acquired title applies only when such assertion would involve a denial that the conveyance passed the interest or estate which it purported to pass. Consequently the grantor may freely assert a title subsequently acquired by him from the grantee either by voluntary conveyance, judicial or execution sale, adverse possession, tax sale, or otherwise. In such a case the grantor asserts, not that the conveyance failed to pass the interest which it purported to pass, but merely that, after such interests had, by the conveyance, become vested in the grantee, it was divested out of him and vested in the grantor.

This statement is supported by numerous cases. See *Abbett v. Page*, 92 Ala. 571, 9 So. 332 (1890); *Doolittle v. Robertson*, 109 Ala. 412, 19 So. 851 (1896); *Garabaldi v. Shattuck*, 70 Cal. 511, 11 P. 778 (1886); *Caraker v. Brown*, 152 Ga. 677, 111 S.E. 51 (1921); *Atlanta Trust Co. v. Federal Land Bank of Columbia*, 195 Ga. 142, 23 S.E.2d 430 (1942); *Ervin v. Morris*, 26 Kan. 664 (1881); *Chevalley v. Pettit*, 115 La. 407, 39 So. 113 (1905); *Hines v. Robinson*, 57 Me. 324, 99 Am.Dec. 772 (1869); *Pettis v. Brown*, 203 Miss. 292, 33 So.2d 809 (1948); *Rowell v. Rowell*, 119 Mont. 201, 174 P.2d 223 (1946) (voluntary conveyance from grantee); *Horbach v. Boyd*, 64 Neb. 129, 89 N.W. 644 (1902); *Tilton v. Emery*, 17 N.H. 536 (1845); *Condit v. Bigalow*, 64 N.J.Eq. 504, 54 A. 160 (1903) (voluntary conveyance from grantee); *Sherman v. Kane*, 86 N.Y. 57 (1881); *Johnson v. Farlow*, 35 N.C. 84 (1851); *Chatham v. Longsford*, 149 N.C. 363, 63 S.E. 81 (1908); *Rauch v. Dech*, 116 Pa. 157, 9 A. 180 (1887); *Foster v. Johnson*, 89 Tex. 640, 36 S.W. 67 (1896); *Goode v. Bryant*, 118 Va. 314, 87 S.E. 588 (1916). See also 7 G. Thompson, Real Property, § 3207 at 400 (1967 Replacement); 3 American Law of Property § 15.21 at 847 (1952) ("Where the doctrine is in force, as now appears to be the case in most states, it applies irrespective of how the subsequent title is acquired other than from the

grantee or those claiming under him * * *."); 23 Am.Jur.2d Deeds § 296 ("A grantor may, notwithstanding his warranty, set up against his grantee, or those who hold the grantee's title, a title subsequently acquired by himself by the disseisin of his original grantee and those claiming under him * * *.").

Defendants rely on *Garner v. Garner,* 117 Miss. 694, 78 So. 623 (1918), for support of their position. However, that case involves the general rule rather than the exception. The exception is recognized and explained in a later Mississippi case, *Turner v. Miller,* 276 So.2d 690, 694 (Miss.1973) ("The after-acquired title doctrine applies only when the assertion of the newly-acquired title denies that the conveyance passed the interest or estate which it purported to pass.").

■ This exception applies in the present case because Albert's after-acquired title came from his grantee, Inez. Code § 557.4 is inapplicable here. Therefore defendants could not later take through Inez, and they did not acquire the interest which Albert's heirs claim.

Defendants filed affidavits of explanation of title in 1974 under § 558.8, The Code. It provides:

> Affidavits explaining any defect in the chain of title to any real estate may be recorded as instruments affecting the same, but no one except the owner in possession of such real estate shall have the right to file such affidavit. Such affidavit or the record thereof, including all such affidavits now of record, shall raise a presumption from the date of recording that the purported facts stated therein are true; after the lapse of three years from the date of such recording, such presumption shall be conclusive.

In those affidavits they say the April 16, 1947, conveyance from Albert to Inez was actually a conveyance by Albert of the interest he was to receive in the family settlement agreement. The affidavits assert the agreement preceded the deed but was not reduced to writing until later. In effect, the affidavits ask that the subsequent deed from Inez to Albert be treated as if it were given before the deed from Albert to Inez.

■ Plaintiffs made timely objection to the affidavits on several grounds. We believe one of them is dispositive. The province of affidavits explanatory of title is to explain defects in recorded links of a chain of title. See, e. g., *Hantz v. May,* 137 Iowa 267, 114 N.W. 1042 (1908) (affidavits used to correct description); *Pritchard v. Mulhall,* 140 Iowa 1, 118 N.W. 43 (1908) (affidavits used to show heirship to clear up an apparent defect); *McClain v. Roberts,* 194 Iowa 1026, 187 N.W. 444 (1922), appeal after remand, 198 Iowa 959, 200 N.W. 613 (1924) (affidavits used to identify quantity of land covered by description); *Dudycha v. Brennan,* 196 Iowa 1065, 195 N.W. 991 (1923) (affidavits used to identify the grantee of deed made in blank which was of record).

■ Affidavits may not be used to fill a gap in the chain of title, such as title by adverse possession. 1 Patton on Titles § 22 at 123–124 (Second Ed. 1957). This construction of the predecessor to § 558.8 was announced in *Fagan v. Hook,* 134 Iowa 381, 388, 105 N.W. 155, 158 (1907), modified on another ground, 111 N.W. 981, as follows:

> The precise effect of this statute is not clear. It is enough in the instant case to note that it does not authorize the owner to supply a link in the chain by indicating, in the form of an affidavit, the oral evidence available to establish it. From the wording of the statute it was likely intended to enable the landowner to make of record explanations of apparent, rather than real, defects. Certainly it was not intended to enable anyone to make of record a title resting solely in parol.

See also *Siedel v. Snider,* 241 Iowa 1227, 44 N.W.2d 687 (1950) (affidavits could not be used in lieu of probate proceedings while such proceedings could be instituted).

■ Defendants cannot use affidavits to establish title which the record of conveyances shows they do not have. Their claim rests on the applicability of § 557.4. Because the conveyances do not have the effect they contend for under that statute, their claim fails.

The trial court reached the right result.
AFFIRMED.