GIBSON v. CHOUTEAU.

1. It is necessary to the jurisdiction of this court, under the 25th section of the Judiciary Act, that the *record* show, either by express words or necessary legal intendment, that one of the questions mentioned in that act was before the State court, and was *decided* by it.
2. Neither the argument of counsel nor the opinion of the court below can be looked to for this purpose.
3. Where there are other questions in the record, on which the judgment of the State court might have rested, independently of the Federal question, this court cannot reverse the judgment.

ON motion to dismiss a writ of error to the Supreme Court of Missouri. The case purported to be brought here, under the 25th section of the Judiciary Act, which gives this court jurisdiction to review judgments in the highest court of a State, where there has been drawn in question the validity of an authority exercised under the United States, and the decree is against such validity, or where there is drawn in question the construction of any statute of, or commission exercised under the United States, and the decree is against the title, right, or privilege, or exemption specially set up;

---

* 16 Peters, 215.

OR, where there is drawn in question the validity of a statute of, or an authority exercised under any State on the ground of their being repugnant to the laws of the United States, and the decision is in favor of such their validity. .

The record showed that the plaintiff below, who was also plaintiff here, filed his petition in the Land Court of St. Louis, to recover of the defendants a tract of sixty-four acres of land. The petitions stated that Mrs. Mary McRee was, prior to August 20th, 1862, invested with the title *by the United States*, and that on the day mentioned, she conveyed the same to him.

The defendant's answer denied the plaintiff's right to the possession, denied that he had the title, denied Mrs. McRee's title, set up the statute of limitations, and alleged, that the title acquired by the plaintiff was so acquired as agent of the defendants, and in fraud of their rights. To this, the plaintiff filed two or three replications, going into a minute history of the transaction in which the fraud was supposed to have originated, and denying it wholly.

On these pleadings, the case was tried by the court without a jury, and the issue was found for plaintiff, his damages assessed at six hundred dollars, and judgment rendered for that sum, and for the possession of the land. A bill of exceptions, which, in the record, made eighty printed pages, was signed, filled with surveys, deeds, decrees, and testimony of witnesses, some of which was evidently directed to the questions of fraud made in the pleadings. It also contained some ten or twelve prayers for instructions by the plaintiff, which were refused by the court, as rulings of law, which relate to the validity of plaintiff's title; also, an instruction given by the court to the effect, that the patent of the United States to Mrs. McRee invested her with the title which her deed transferred to the plaintiff, and that the patent having issued within the ten years next preceding the commencement of the suit, the statute of limitations could not be relied on as a bar.

On this record, the case was carried to the Supreme Court of the State, where it was " affirmed in all things" on De-

cember 3d, 1866. Three days after this, a motion for rehearing was filed. This was, in fact, an argument of counsel. It cited decisions and urged reasons to show, that the statute should be regarded as a bar; decisions and reasons which it alleged that the court had not sufficiently weighed. The motion for rehearing was granted on the 10th day of the same month, and the judgment of affirmance set aside, and the cause ordered to be docketed for a rehearing. This rehearing was had in March, 1867, and in April, the following judgment was entered:

"Now, again come the parties aforesaid, by their respective attorneys, and the court being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment rendered herein by the said St. Louis Land Court be reversed, annulled, and for naught held and esteemed; that the respondent take nothing by his suit in this behalf, but that the appellants go thereof without day, and recover of the said respondents their costs and charges herein expended, and have execution therefor. Opinion filed."

It is proper to state that, by the code of practice in the State courts of Missouri, an equitable defence may be set up in a common law action, there being no separate chancery jurisdiction in those courts.

The matter which, on this case, the plaintiff conceived to have been decided against him in the Supreme Court of Missouri, and which, as he assumed, gave this court jurisdiction, was, that the statute of limitations of Missouri ran against the title of the plaintiff, while the same was in the United States, and before it had been transferred by the patent of 1862 to Mrs. McRee. And the question which was before this court, on review for its consideration, was, whether it appeared from this record, either by express words or by necessary legal intendment, that the court did decide that proposition. If it did, then this court had jurisdiction under the already quoted 25th section of the Judiciary Act.

*Messrs. McPherson and Gibson, for the plaintiff in error*, contended that it did, sufficiently and to a reasonable intent, so

appear; a matter made even more plain, as they argued, by reference to the opinion of the court and by the motion for rehearing.

*Messrs. Glover and Hill, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The record presented to the Supreme Court questions the validity of Mrs. McRee's title, the transfer of her title to plaintiff, the trust asserted by which plaintiff's title enured to the benefit of defendants, and the statute of limitations. On all these the court below must have found for plaintiff, for such a finding was essential to his recovery. The first judgment of the Supreme Court affirming the judgment of the Land Court must also have found all these issues for the plaintiff.

We are asked now to hold that the second judgment of the Supreme Court, which reversed that of the Land Court, was founded on the question of limitation. If we look to the language used in the judgment of the court in setting aside its judgment of affirmance and granting a rehearing, or in the final judgment of reversal, we can see nothing to justify that inference.

This court has decided, in the case of *Rector* v. *Ashley,*\* following *Williams* v. *Norris,*† that the opinion of the court cannot be resorted to for the purpose of showing that a question of Federal cognizance was decided by the State court. In the present case it is said that the application for a rehearing was based exclusively on the question of the statute of limitation. That which is here called a motion for a rehearing is merely an argument of counsel setting forth numerous decisions of the courts, and many reasons of counsel why the statute should be held to be a bar; and it insists that this question had not received sufficient attention at the hands of the court. It is not easy to see how this argument can be regarded as a part of the record of the case. It can

---

\* 6 Wallace, 142.　　　　　† 12 Wheaton, 117.

have no better claim to be so regarded than the opinion of the court, which accompanies the record.

If, however, it could be treated as part of the record, it affords no conclusive evidence that the rehearing was granted on that ground.

But if we could infer that the rehearing was granted because the court was of opinion that it had not well considered that question, it is to be remembered that the reargument took place four months afterwards, that there is nothing to show what might then have been presented by counsel on either side, or what might have been considered by the court, for the case was fully opened, by setting aside the former judgment, to every consideration which could rightfully influence the decision. It is hardly a reasonable inference, under these circumstances, that the court did decide the case on the question of the statute of limitation, and certainly it does not appear that the case was necessarily decided on that question, or that the proposition was essential to the judgment.

It is our opinion, therefore, that under the repeated decisions of this court, this record presents no case of which we have jurisdiction. The writ of error is therefore

DISMISSED.