[No. 8719.   Department One. — December 23, 1885.]

N. HAWKINS, RESPONDENT, *v.* E. HARLAN ET AL.
THOMAS FLINT AND L. BIXBY, APPELLANTS.

CONTRACT FOR SALE OF LAND — MORTGAGE OF VENDEE'S INTEREST — FORE-
CLOSURE. — Thomas Flint, L. Bixby, and Benjamin Flint, being the
owners of the land in controversy, contracted in writing to sell it to one
Lane, who subsequently assigned his contract to the defendant Harlan.
Harlan then executed a mortgage thereon to one McClosky, who assigned
it to the plaintiff.   Subsequently Flint and Bixby, who had succeeded to
all of the interest of Benjamin Flint, conveyed the land to Harlan, and
took from him his promissory note secured by a mortgage on the prem-
ises in payment of the balance of the purchase price.   Shortly after,
Harlan reconveyed the land to Flint and Bixby in consideration of the
cancellation of the note and mortgage given by him to them.   In this
condition of affairs the present action was brought to foreclose the mort-
gage executed by Harlan to McClosky, and subject the land in the hands
of Flint and Bixby to the payment of the sum due the plaintiff from Har-
lan.   *Held,* that upon a sale of the land the proceeds should be applied,
after paying the costs of the sale: 1. To the payment of the balance of
the purchase-money; and 2. To the payment of the amount due upon
the mortgage to the plaintiff.

APPEAL from a judgment of the Superior Court of
San Benito County.

The action was brought to foreclose a mortgage.  The
judgment of the lower court decreed a sale of the mort-
gaged premises, and provided that the proceeds thereof
should be applied, after payment of the costs, to the
amount due on the mortgage.  The further facts are
stated in the opinion of the court.

*William Matthews,* for Appellants.

*Briggs & Hawkins,* and *B. B. McCroskey,* for Respond-
ent.

Ross, J.—Thomas Flint, L. Bixby, and Benjamin
Flint, being seised in fee of the land in question, con-
tracted in writing to sell it to one Lane for four thousand
five hundred dollars, payable in installments.  Lane sub-
sequently assigned his contract to the defendant Harlan.

Harlan then executed a mortgage to one McClosky, and McClosky assigned the mortgage to the plaintiff. Subsequently Flint and Bixby, who meanwhile had succeeded to all of the interest of Benjamin Flint in the property, conveyed the land by deed to Harlan, taking at the time from him his promissory note for the balance of the purchase-money, to wit, $3,701.10, and a few days afterward Harlan executed to Flint and Bixby a mortgage upon the land to secure the payment of the note. Shortly after this Harlan reconveyed the land by deed to Flint and Bixby, in consideration of the cancellation of the note and mortgage given by him for the balance of the purchase-money. In this condition of affairs the present action was brought by the holder of the mortgage executed by Harlan to McClosky to foreclose it, and subject the land in the hands of Flint and Bixby to the payment of the sum due the plaintiff from Harlan.

Flint and Bixby answered in the cause, and also by cross-complaint set up the facts above given, and asked: 1. That the plaintiff's complaint be dismissed; and 2. That if the land should be sold, the proceeds be applied first to the payment of the balance of the purchase-money. Undoubtedly the equity of the case demands that Flint and Bixby be paid the balance of the purchase-money before the land, the legal title to which they hold should go to satisfy the plaintiff's mortgage; for when that mortgage was executed, it only conveyed the interest the mortgagor had in the land; that is to say, the rights conferred upon his assignor by the contract of sale between him on the one part, and Bixby and the Flints on the other,—in brief, the right to a conveyance of the title to the land upon the payment of the balance of the purchase-money. But it is said that when Flint and Bixby executed the deed to Harlan, the title thereby conveyed inured to Harlan's mortgagee. True, an after-acquired title by the mortgagor ordinarily inures to the benefit of the mortgagee, but this is by operation of the

doctrine of relation, which is a fiction of the law adopted solely for the purposes of justice, and will not be given effect when, as in the present case, it would work manifest injustice. (*Gibson* v. *Chouteau,* 13 Wall. 101; *Shay* v. *McNamara,* 54 Cal. 169.)

Upon the facts stated in the findings the land should be sold and the proceeds applied, after the payment of the costs of the sale, first to the payment of the balance of the purchase-money of the land, and next to the payment of the amount due upon the plaintiff's mortgage.

Cause remanded, with directions to the court below to modify the judgment to accord with these views.

MCKINSTRY, J., and MCKEE, J., concurred.