## JAMES K. RAUCH v. JOHN DECH.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 10, 1887—Decided April 25, 1887.

The lien of a mortgage which has been discharged by a judicial sale is not revived when the mortgagor has re-acquired title to the mortgaged premises through another as purchaser at such sale.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

No. 149 January Term 1887, Sup. Ct.; court below, No. 1 August Term 1886, C. P.

This case arose in the court below in the issuance of a *scire facias quare executionem non* and to revive and continue the lien of a judgment entered to No. 28 April Term 1878 in favor of John Dech v. James K. Rauch.

On May 3, 1874, said Rauch had executed a mortgage to Dech for $1,000 upon a house and lot in Bethlehem already subject to several prior encumbrances, in order as follows: A mortgage to the Moravian Congregation, July 24, 1867, for $1,612.50; another to Sarah A. Myers, October 14, 1872, for $5,000; a judgment in favor of A. S. Weber, April 1, 1874, for $2,000.

On July 5, 1877, said Rauch was adjudicated a bankrupt under the acts of Congress; on March 22, 1878, judgment was entered against him in liquidation of the Dech mortgage, and on March 28, 1879, he received his discharge as a bankrupt

from all debts and claims which were by the acts of Congress provable against his estate, and which existed on July 5, 1877.

To the *scire facias* upon the plaintiff's judgment issued on June 14, 1886, the defendant filed special pleas setting out the discharge in bankruptcy and other facts which appear fully in the opinion of the court below, claiming, in addition to the effect of said discharge, that the lien of the plaintiff's judgment and mortgage had been forever divested by a sheriff's sale of the mortgaged premises upon one of the mortgages prior to that of the plaintiff. The plaintiff filed a demurrer to these pleas which was as follows:—

The first plea shows on its face that the claim of the plaintiff was merged in a judgment after the day upon which the petition for the adjudication in bankruptcy was filed against the defendant, from which judgment the defendant was not discharged as appears by said plea. And also that it is not alleged in said plea that the plaintiff proved his mortgage debt against the bankrupt.

The second plea avers that the defendant is again the owner of the real estate pledged by him for the payment of the plaintiff's claim and the defendant is therefore estopped from denying that the said real estate of the defendant is bound by said mortgage.

After hearing, the court, W. W. SCHUYLER, P. J., delivered the following opinion:—

The facts disclosed by the special plea are substantially as follows: On April 2, 1872, one Charles W. Rauch conveyed to defendant a house and lot in the borough of Bethlehem, subject to a mortgage in favor of the Moravian Congregation for $1,612. On October 14, 1872, defendant gave a second mortgage on said property, which was entered of record, to Sarah A. Myers, for $5,000. On April 1, 1874, defendant confessed a judgment to A. S. Weber in the penalty of $2,000. On May 3, 1874, the mortgage in controversy was given by defendant to plaintiff to secure the payment of $1,000.

On November 9, 1876, defendant conveyed the aforesaid house and lot, subject to the aforesaid incumbrances, to one William Deremer. On July 5, 1877, a petition in bankruptcy was filed against defendant. On September 26, 1877, Sarah A. Myers recovered a judgment on her mortgage. A *levari*

*facias* was subsequently issued on this judgment, under which the house and lot were sold by the sheriff, and on July 1, 1878, the sheriff acknowledged a deed for the same to Charles A. Luckenbach for the consideration of $6,500.

In the meantime, to wit, on March 22, 1878, plaintiff recovered judgment on his mortgage, being the judgment on which the present *scire facias* was issued. On July 10, 1878, Mr. Luckenbach, without contemplated fraud, and " as a matter of charity," agreed to convey the house and lot to defendant at cost. Plaintiff did not prove his claim in the bankruptcy proceedings, and on March 28, 1879, defendant received his discharge. On July 1, 1882, Mr. Luckenbach being then deceased, his executors made a deed to defendant, according to the agreement of their testator.

It is not clear how the proceedings in bankruptcy have anything to do with the present controversy. Plaintiff did not prove his claim and hence the bankrupt law did not prohibit him from proceeding by *scire facias* on his mortgage : Megargel v. Megargel, 105 Penn. St. 475. And having so proceeded to judgment, the original debt was merged in the judgment, and the judgment became a new debt, which was not affected by the defendant's subsequent discharge : Wise's Appeal, 99 Penn. St. 195.

With the bankruptcy feature eliminated there is nothing in principle to distinguish the present case from Cleary v. Kennedy, 16 W. N. 313, where Judge ARNOLD, in a very able opinion, shows most conclusively that, " where a party grants property in mortgage, and subsequently the property is sold by the sheriff under a prior mortgage, which divests the second mortgage of its lien, and the property is bought by a third party, who reconveys the property to the mortgagor, this new acquisition will enure to the benefit of the second mortgagee, so as to restore his right to sue upon his mortgage and entitle him to execution against the property mortgaged."

It follows that the facts set forth in the special plea are not sufficient in law to prevent a recovery by the plaintiff, and that the demurrer must be sustained.

And now, November 29, 1886, judgment on the demurrer is entered in favor of the plaintiff.—

Thereupon the defendant took this writ, assigning that the

court erred in entering judgment on the demurrer in favor of the plaintiff.

*Mr. W. E. Doster*, for the plaintiff in error:

The proposition in Cleary v. Kennedy, 16 W. N. 313, followed by the court below, has never been held by this court to be the law of Pennsylvania. The authorities relied upon in that case, to wit: Clark v. Martin, 49 Penn. St. 299; Good v. Schoener, 10 Leg. Int. 151; Muse v. Letterman, 13 S. & R. 167; Stackpole v. Glassford, 16 Idem 163; Crooks v. Douglass, 56 Penn. St. 51; Ashmead v. McCarthur, 67 Idem 326; are either cases of actual fraud raising the ordinary question of estoppel or cases merely asserting the familiar doctrine that where there is a contrivance in the nature of fraud between bidders or lien-holders at a sheriff's sale, the fraud avoids it.

Of the other cases cited in Cleary v. Kennedy, English or Irish, it is enough to say that the effect of sales in this state is regulated by our own statute. " When the said lands or tenements shall be so sold or delivered as aforesaid, the person or persons to whom they shall be sold or delivered, shall and may hold and enjoy the same, with their appurtenances, for such estate or estates, as they were sold and delivered, clearly discharged and freed from all equity and benefit of redemption and all other incumbrances made or suffered by the mortgagors, their heirs and assigns, etc.:" act of 1705, 1 Sm. L. 59; Hartman v. Ogborn, 54 Penn. St. 120; DeHaven v. Landell, 31 Idem 120; Schnepf's App., 47 Idem 37; 2 Jones Mort. § 1355.

It cannot properly be contended that the mortgage held by the defendant in error was a conveyance, and that the words " grant, bargain and sell " implied an express covenant on the part of the mortgagor. In this state a mortgage is but a security for a debt: Houser v. Lamont, 55 Penn. St. 311; Wilson v. Shoenberger, 31 Idem 298. The words "grant, bargain and sell shall be adjudged an express covenant," applies only to ": deeds to be recorded in pursuance of this act, whereof an estate of inheritance in fee simple shall hereafter be limited to the grantee and his heirs:" § 6, act of May 28, 1715, 1 Sm. L. 95. This statute has no reference to mortgages.

The bankruptcy proceedings cannot be ignored, in so far

that Rauch was discharged of the unsecured debt in the period between the sheriff's sale and the discharge, a feature in which the present case differs from Wise's App., 99 Penn. St. 193, and kindred cases.

*Mr. Robert L. Cope* (*Mr. J. B. Kemerer* with him), for the defendant in error:

The plaintiff in error undertook to "grant, bargain and sell" the entire fee-simple estate in the premises, reserving nothing and subject to no prior encumbrances. He thus declared he had an interest co-extensive with what he undertook to convey and he is estopped from now saying the contrary. Being in possession of the premises mortgaged he cannot dispute the title of his mortgagee: Coot Mort. 347; St. John's Church v. Steinmetz, 18 Penn. St. 273; Krupp v. Krugel, 12 Phila. 174; Chamberlain v. Meeder, 16 N. H. 381; Colbertson v. Martin, 2 Y. 443; Stahle v. Spohn, 8 S. & R. 317; Snavely v. Wagner, 3 Penn. St. 275; Dunlap v. Cooke, 18 Penn. St. 454; Walker v. Bush, 30 Idem 352.

When a party conveys land to which he has no title, or a defective title, and afterwards acquires a good title, that title immediately inures to the benefit of his grantee: Knowles v. Kennedy, 82 Penn. St. 445; Brown v. McCormick, 6 W. 60; Tyson v. Passmore, 2 Penn. St. 122; Robertson v. Robertson, 9 W. 32; Dentler's App., 23 Penn. St. 505; Jarvis v. Aikens, 25 Vt. 635. This principle applies to mortgages as well as to deeds: Clark v. Martin, 49 Penn. St. 299; Bush v. Cooper, 18 How. 82; Stewart v. Anderson, 10 Ala. 507; Chamberlain v. Meeder, 16 N. H. 381; Cleary v. Kennedy, 16 W. N. 313. That a mortgage is more than a mere security, see Tryon v. Munson, 77 Penn. St. 262; Trickett Liens, 93; Nerpel's App., 91 Penn. St. 334; Garro v. Thompson, 7 W. 419; Kaufman's App., 3 Cent. R. 395; Conrad v. Building Ass., 3 Idem 394; and a mortgage is within the letter if not the spirit of § 6 of the act of May 28, 1715, 1 Sm. L. 95: Van Rensalaer v. Kearney, 11 How. 322; Herm. Est. § 670; Penrose v. Griffith, 4 Binn. 231; Root v. Crock, 7 Penn. St. 378; McCall v. Grove, 4 W. & S. 137; White v. Patten, 24 Pick. 324.

As to the discharge in bankruptcy: Even if the debt was

paid in law, the mortgagor was not discharged from his conveyance nor from his covenants of title. Besides, he could have pleaded his discharge to the *scire facias* on the mortgage, but did not, and thus a new debt was established which was not affected by the discharge : Bradford v. Rice, 102 Mass. 472 ; Thompson v. Hewitt, 6 Hill, 258 ; Wise's App., 99 Penn. St. 193 ; Hartman v. Ogborn, 54 Idem 120 ; Megargel v. Megargel, 105 Penn. St. 475 ; Green v. Arbuthnot, 4 W. N. 357 ; Walters v. Oyster, 1 Cent. R. 557 ; Streeper v. McKee, 86 Penn. St. 188 ; Keller v. Denmead, 68 Idem 449 ; Chamberlain v. Meeder, 16 N. H. 331.

OPINION, MR. JUSTICE GORDON :

This was a *scire facias* to revive the lien of a judgment obtained on a mortgage, and which lien had been discharged by a sale of the premises by a judicial sale on a previous mortgage. This sale seems to have been made by the sheriff to C. A. Luckenbach, on the 15th of June, 1878, and subsequently, June 1, 1882, the executors of Luckenbach, for a full consideration, conveyed the premises to James K. Rauch, the defendant in the present suit. The court below seemed to think that, because there had been a re-acquisition of the mortgaged property by the defendant, the lien of the discharged mortgage had been thereby revived, hence entered judgment on the demurrer for the plaintiff. This was a mistake ; a result such as this could only arise by way of estoppel. When a vendor or mortgagor either sells or mortgages land which he does not own, and afterwards obtains the title thereto, he will not be permitted to set up this after acquired title to defeat his previous grant or mortgage, for this would be to permit him to perpetrate a fraud on his grantee or creditor. But there is nothing of the kind in the case before us, for it is not pretended that Rauch mortgaged to Dech land to which he had no title, or that he was guilty of any species of fraud whereby Dech was deceived. The plaintiff's lien was lost by force of legal process, and it is not even intimated that Luckenbach's title was not taken clear of that lien. In the meantime, and before the date of the deed of the executors to the defendant, he had received his discharge in bankruptcy ; so that, at that time, he was not even the debtor of the plaintiff. It thus follows,

that so far as Dech and his mortgage was concerned, Rauch, at the time of his purchase, occupied the position of a stranger. To hold, therefore, that that purchase worked a revival of the extinguished debt and mortgage was a clear mistake without the shadow of authority for its support.

> The judgment of the court below is now reversed, and it is ordered that judgment be entered on the demurrer for the defendant.