Hosea Butterfield, in Equity, *vs.* Jennie B. Lane, et als.

Knox.    Opinion Decemer 31, 1915.

*Bill in Equity.    Cloud on Title.    Deed.    Mortgage Deed.    Support.*

This case involves the priority of the foreclosure of a mortgage.   The defendant took a warranty deed of the plaintiff and as a part of the same transaction gave back to him a mortgage without any exceptions conditioned for his support upon the premises.   When the deed was delivered there was an outstanding mortgage upon the premises of which the plaintiff knew and whose duty it was to pay it.   Of this mortgage the defendant had no knowledge.   Later the mortgagee demanded payment. The defendant's husband paid it, foreclosed it, assigned it to the defendant and the equity expired vesting the title in her.   After this event, the plaintiff foreclosed his mortgage and the equity expired.   The plaintiff claims that his foreclosure should prevail, under the rule that the purchase cf the outstanding mortgage by the defendant under her warranty in her mortgage should enure to his benefit.

*Held:*

Such a transaction on the part of a grantor in a warranty deed is so tainted with legal, if not actual, fraud, that a fair application of the well established rules of law will intervene to prevent him from profiting by his own wrong in obtaining the benefit of such an after acquired title.

The rule invoked by the plaintiff is based upon the doctrine of estoppel; but the rule of estoppel was ingrafted upon the common law to prevent wrongs and not to promote them.

On report.   Bill dismissed.

This bill in equity was brought by plaintiff to remove a cloud from certain real estate which the plaintiff conveyed to Jennie B. Lane, who received from plaintiff a mortgage providing for plaintiff's support upon the premises conveyed.   Answer and replication were filed.   At the conclusion of the hearing in this cause, the same, by consent of parties, was reported to the Law Court to render such final judgment as the legal rights of parties require.

The case is stated in the opinion.

*M. S. Holway and E. B. Burpee,* for plaintiff.

*M. A. Johnson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J.   This case involves a bill in equity brought by the plaintiff to remove the cloud from, and recover title to, certain real estate which the plaintiff conveyed to Jennie B. Lane, taking from her a mortgage providing for his support upon the premises conveyed.   The facts are as follows :

Previous to 1883 Oscar Rokes was the owner of the premises in question.   That year he mortgaged the premises in consideration of $155.00 to J. G. Piper.   In 1904 Rokes gave a warranty deed to Alethere E. Butterfield, wife of Hosea Butterfield, the plaintiff, excepting the Piper mortgage which the grantee assumed.·  Rokes took from her a mortgage providing for his support and maintenance on the premises, in which Mrs. Butterfield covenanted that the place was free from incumbrances except the Piper mortgage, which she assumed.   In 1911 Alethere E. Butterfield by her warranty deed conveyed to Hosea Butterfield, her husband, the plantiff, the premises in question subject to the terms of the Rokes mortgage.   In 1912 Hosea Butterfield by his warranty deed conveyed the premises in question to Jennie B. Lane, one of the defendants, subject to the Rokes mortgage, and took a mortgage back, providing also for his own support upon the premises.   Accordingly, at this juncture Jennie B. Lane became the grantee of the premises in question under a warranty deed from the plaintiff and at the same time mortgagor of the premises to the plaintiff for his own support and for the support of Rokes upon the premises.   It is unnecessary to go further into the details of the matter of support, as this question is not raised in the case.

The evidence fairly establishes that Rokes lived with Mrs. Lane from sixteen to eighteen weeks before he died.   No controversy arises regarding the fulfillment of her part of the mortgage obligation for his support and maintenance.   Rokes, therefore, here disappears.   The plaintiff remained upon the place and had his subsistence there from February until June, just about five months, when he went away for the purpose of getting married, and did marry the defendant's mother.   He says, "I don't find any fault with the home" while I was there.   Over the purpose and manner

of his leaving arises a sharp controversy of fact upon the determination of which the defendant puts more or less importance as a matter of law. If the facts are as the defendant claims them, that the plaintiff when he went away informed them that he was going to abandon the place, surrender the idea of further support upon it, and authorized her to do whatever she pleased with it, being merely a verbal statement, cannot be regarded as a matter of law sufficient to bar him from claiming a right to resume his contract for support upon the place. At this point we may also omit further reference to this particular issue in its bearing upon the legal propositions involved.

The next important issue in the case requires us to revert to the Piper mortgage. In the warranty deed from the plaintiff to Mrs. Lane no mention is made of the Piper mortgage, although the plaintiff well knew that this mortgage was at that time outstanding and not fully paid. A controversy here arises in the testimony as to whether when the defendant received her deed a verbal agreement was made on her part to assume the payment of the Piper mortgage. The plaintiff contends such agreement was made; the defendant and her husband deny that they ever heard of the Piper mortgage at that time. Upon a careful reading of the testimony we are of opinion that the contention of the defendant upon this issue must prevail. It therefore results that the plaintiff conveyed this property by warranty deed, well knowing that the Piper mortgage was outstanding, without any knowledge of this fact on the part of the defendant or her husband. John W. Lane, husband of the defendant, having been informed by Piper that the Piper mortgage was outstanding and not paid and that he intended to foreclose it, paid the amount due to Piper and took an assignment of the mortgage in April, 1912. May 6th he foreclosed the mortgage, the first and last publication, on May 6 and May 24, respectively, being entered for record the 28th day of May, 1912. On the 28th day of September of the same year he assigned this mortgage and foreclosure to Jennie B. Lane, the defendant, in whose hands the equity expired on the 6th day of May, 1913, and the title of the mortgaged premises as a matter of law vested in her and became absolute.

The plaintiff, however, claims two defenses to the legality of this title as acquired by the defendant. First, that the plaintiff after foreclosure proceedings had begun made a legal tender of the amount due upon the mortgage, which operated in law as a redemption. Second, that the defendant in her mortgage to him warranted the title to be free from all incumbrances and, under this warranty, could not purchase an outstanding claim against the property which would not as a matter of law enure to his benefit. The first defense cannot prevail, as the evidence fails to show any legal tender. The second defense cannot prevail because the outstanding mortgage upon the property, which the defendant bought in, was an obligation of the plaintiff, himself, and was an existing incumbrance under the warranty deed which he gave to the defendant. She conveyed to him in her mortgage precisely the same premises which he conveyed to her in his deed; and we are unable to conclude, as a matter of law, that her acquisition of an incumbrance, which he concealed and owed, should inure to his benefit. If so, then she has to pay just this amount more than she agreed to pay, a thing which is expressly condemned, on principle, in *Pike* v. *Galvin,* 29 Maine, last paragraph on page 187, in this language: "To permit him to acquire a title subsequently purchased by his releasor, would often enable him to obtain in another and less direct mode, property of more value than the purchase money." He knew the mortgage was outstanding and due and liable to foreclosure by any person into whose hands it might legally fall. It was his duty under the circumstances of this case to take care of this mortgage, and not the defendant's. It is a well established rule, based upon reason as well as authority, that when a party warrants a title and thereafter relieves that title of an incumbrance, whatever it may be, which the grantor had created or which existed upon the property, such relief should inure to the benefit of the grantee, because he has once paid for it and has then received just what he purchased and no more; and further, to redress the incumbrance, if not otherwise disposed of in his favor, he would have a right of action against the grantor. But the case at bar is precisely the reverse of this. When the plaintiff took her warranty deed and agreed upon a consideration, that consideration measured the value of her purchase. If an outstanding mortgage was then existing upon the premises purchased, instead

of being required to remove this incumbrance for the benefit of the plaintiff, who had already once had the benefit of it in the consideration named, she was obliged to remove it in order to protect herself against the total loss of the very title which the plaintiff had warranted to her and thereby pay this much more to the grantor. We are unable to discover any rule of law or equity which requires her to hold the title to the Piper mortgage thus acquired for the benefit of this plaintiff.

The plaintiff cites a long list of cases in Maine and Massachusetts tending to show that under a deed of warranty an after acquired title by the grantor enures to the benefit of the grantee; but not one of these numerous cases is based upon a train of facts like those in the case at bar; not one contains a reference to a state of facts, containing a fraudulent concealment of an incumbrance upon a title conveyed by a warranty deed, where the same premises, at the same time and as a part of the same transaction, are mortgaged back to the grantor with the warranty, that the mortgaged premises are free -from all incumbrances, the only incumbrance existing at the time being that concealed by the grantor in the warranty deed. Such a transaction on the part of a grantor in a warranty deed is so tainted with legal, if not actual, fraud that a fair application of the well established rules of law will intervene to prevent him from profiting by his own wrong in obtaining the benefit of such an after acquired title. The above rule is based upon the doctrine of estoppel. *Pike* v. *Galvin,* 29 Maine, 183; but the doctrine of estoppel was invented and ingrafted upon the common law, to prevent wrongs and not to promote them.

Under the well established principle of law that when a deed and mortgage of the same premises are made as nearly at the same time as the succession of events will permit, they constitute one and the same transaction. It may well be said that the mortgage coveyed to Butterfield precisely what the deed conveyed to Mrs. Lane, no more and no less. He received under the mortgage all that he conveyed in his deed. He can ask no more.

*Bill dismissed.*