[Civ. No. 5923. Third Appellate District.—October 26, 1937.]

ALFRED W. McCUNE, Plaintiff and Appellant, v. ALMA McCUNE et al., Defendants; E. H. PELL, Defendants and Respondents; F. AVERY CRARY, Defendant and Appellant.

Meserve, Mumper, Hughes & Robertson for Plaintiff and Appellant.

E. Avery Crary, *in pro. per.*, for Defendant and Appellant.

Carroll Allen for Respondents.

PULLEN, P. J.—This appeal is from that portion of a judgment decreeing that E. Avery Crary is the owner in fee simple of an undivided 11/17ths interest in certain real property situated in the county of Los Angeles, subject to a mortgage of Carroll Allen in the sum of $800, together with interest and attorney fees.

The action was commenced by appellant Alfred W. McCune and his sister, Marie Menard McCune, a minor, by her guardian *ad litem,* against Alma McCune, Carroll Allen the holder of the mortgage in question, and certain others.

The record discloses that on March 12, 1932, Alfred W. McCune and Marie Menard McCune, then a minor, conveyed the lot in question to their mother Alma McCune who, on the same day reconveyed 11/17ths interest in this property to Alfred W. McCune and 6/17ths to Marie Menard McCune, reserving a life estate therein to herself. It is alleged in the complaint that it was not the intention of the parties to these transfers that the various deeds be recorded, but nevertheless Alma McCune, without the knowledge or consent of her grantors, permitted the deed conveying title to her to be recorded December 15, 1932. On January 13, 1933, Alma McCune placed a mortgage upon the property in the sum of $1,000 in favor of E. H. Pell, as trustee for Carroll Allen. Before the mortgage of Alma McCune had been executed and prior to any recordation of any deed of transfer, L. S. Trigg brought suit against Alma McCune, and on March 24, 1932, recovered a judgment against her in the municipal court in Los Angeles.

Thereafter this property was sold to satisfy the judgment at a marshal's sale and the interest of Alma McCune was purchased at said sale by L. S. Trigg. On January 21, 1935, E. Avery Crary purchased from Trigg, for a valuable consideration, the interest of Trigg in this property, which was, on the same day, conveyed by Trigg to Crary by a quitclaim deed.

Upon these facts the court concluded the judgment lien of Trigg attached to all the interest of the defendant Alma McCune in said real property and held the said judgment lien was prior and paramount to the lien of the mortgagee E. H. Pell, trustee for Carroll Allen, and that the title to the

real property vested in Trigg under and by virtue of the sale under execution.

The court further concluded that the after-acquired title of Alfred W. McCune, which was purchased by E. Avery Crary for the benefit of McCune, enured to the benefit of Alma McCune, grantee of Alfred W. McCune, and that McCune was estopped from denying title in defendant Alma McCune, and was estopped as a matter of law and equity from defeating the claim of defendant Carroll Allen.

It is the contention of appellant that the foregoing conclusions are not supported by the findings of fact and are against law. With these contentions we agree. There is no question but that the deed from Alma McCune to Alfred W. McCune and his sister to the property herein involved was not recorded at the time Alma McCune executed the note and mortgage in favor of Pell as trustee for Allen. And it is also true that at the time of the execution of the mortgage McCune might have been estopped from asserting any title he might have had at that time in the property, but now, two years subsequent to the execution of the note and mortgage, the title had changed.

When L. S. Trigg became possessed of good title to the property by virtue of his purchase at execution sale he had the right to sell and dispose of the same to any purchaser for value, and the conveyance from him to Crary, as agent for McCune, conveyed good title, free of any fraud or misrepresentation. This was the holding in the case of *Gluckauf* v. *Reed*, 22 Cal. 468, 469, and *Ervin* v. *Morris*, 26 Kan. 664. This rule is stated in volume 21, Corpus Juris, page 1085, section 63, as follows:

"By Judicial Sale—(a) In General. If the property is sold as the grantee's at an execution or judicial sale, the grantor is not estopped by his covenant from purchasing at the sale and asserting the title thus acquired against the grantee."

Clearly the obtaining of the after-acquired title by McCune through the purchase thereof from Trigg was an independent title which he had the right to acquire and which he had the right to assert against the claim of Allen. It was no part of the transaction between the McCunes and must be construed as an independent title arising and perfected after one conveyance of good title.

Respondent Allen had the right to protect his interest by redeeming the property within the year after the execution sale but he did not see fit so to do.

We are therefore forced to the conclusion that the after-acquired title of Crary acting for McCune did not pass to Alma McCune. Crary, as agent of McCune, was not relying upon any title vested in McCune at the time of the execution of the mortgage, but was relying on a new title by virtue of a judicial sale of the right, title and interest of Alma McCune in the property.

The judgment of the court should be reversed and the trial court directed to enter judgment that the plaintiff Marie Menard McCune, a minor, throughout all these proceedings was, at the time of the commencement of this action and now is, the owner in fee simple of an undivided 6/17ths interest in and to said premises, and that E. Avery Crary is now and from the time of the execution to him of the quitclaim deed to said property by Trigg, the absolute owner in fee simple of an undivided 11/17th interest in said property, free and clear of the mortgage claim of Carroll Allen.

It is so ordered.

Thompson, J., and Plummer, J., concurred.