ROWELL, Appellant, v. ROWELL et al., Respondents.

No. 8605

Submitted September 18, 1946. Decided October 23, 1946.

174 Pac. (2d) 223

202

Mr. E. J. McCabe, of Great Falls, for appellant.

Mr. H. C. Hall and Mr. Edward C. Alexander, of Great Falls, for Home Owners' Loan Corp.

Mr. E. J. Stromnes and Mr. R. J. Nelson, both of Great Falls, for Agnes H. Rowell.

MR. JUSTICE CHEADLE delivered the opinion of the Court.

Action for partition of certain real estate situated in Great Falls, Montana.

Although the pleadings and evidence in the record are voluminous, we think that because the trial court decided the matter solely on a question of law, it is not necessary for us to summarize the pleading or the evidence, except as shall hereafter appear.

Plaintiff's claim to an undivided one-half interest in the premises in question is based upon a warranty deed alleged to have been executed and acknowledged by the defendant Agnes

H. Rowell and delivered to plaintiff on April 25, 1931. Prior to the marriage between plaintiff and defendant Agnes H. Rowell, the latter was the owner in fee simple of the premises involved, the same being encumbered with a real estate mortgage, dated December 14, 1929, in favor of one Robert Russell. In her pleadings, the defendant Rowell denied the execution, acknowledgment and delivery of the deed in question, but for the purpose of its decision, the trial court assumed that the deed had been so executed, acknowledged and delivered, as alleged by plaintiff.

Pursuant to stipulation, a pre-trial hearing was had before the court on June 6, 1944, the court allowing certain amendments to pleadings agreed upon, and certain stipulations as to admissions of fact were approved. By order, the issues for trial were limited to those not disposed of by such stipulations.

At the commencement of the trial the defendants jointly and separately moved for judgments in their favor on the pleadings, as amended and as clarified by admissions made at the pre-trial hearing, on the ground that there was no longer any issuable fact in the case. These motions were taken under advisement and later denied. At the conclusion of the trial the defendants separately moved for judgments dismissing the complaint upon the principal ground that the facts disclosed that the plaintiff had no interest in or claim upon the property involved. After the final submission of the cause and presentation of briefs, the court, by its order, granted each of these motions. In view of remarks made by the court, it is apparent that its judgment was based on the facts as disclosed by the pleadings, and the amendments and the facts agreed upon at the pre-trial hearing. Our review will accordingly be confined to such facts and the judgment of the court based thereupon.

In its judgment the trial court made the following findings of fact: 1. That the plaintiff has no interest in or claim upon the property involved in this action, or any part thereof, as set forth in plaintiff's complaint or otherwise or at all;

2. That the defendant Agnes H. Rowell is the owner in fee simple, subject to the mortgage of Home Owners' Loan Corporation, of the property involved in said complaint and described as the west 40 feet of lot numbered 11, and the east 40 feet of lot No. 12, in block numbered 245 of the original town, or townsite of Great Falls, Montana, according to the official map and plat thereof on file and of record in the office of the county clerk and recorder of Cascade county, Montana, and the dwelling house thereon.

A third finding, having to do with the validity of the mortgage of Home Owners' Loan Corporation, for reasons to be later stated, has become immaterial to this appeal. Appropriate conclusions of law, based upon the pertinent findings, appear in the judgment. The judgment dismissed plaintiff's complaint upon the merits and decreed that the defendant Agnes H. Rowell is the owner in fee simple of the premises described in the complaint and the whole thereof, free and clear of any claim of plaintiff, and subject to the mortgage of Home Owners' Loan Corporation.

The appeal herein is from the whole of the judgment. However, upon oral argument in this court, counsel for the appellant advised that he had abandoned the appeal in so far as the defendant Home Owners' Loan Corporation was concerned. We shall consider the appeal then, only in so far as it concerns the defendant Agnes H. Rowell.

The trial court made no finding as to whether or not the defendant Agnes H. Rowell executed, acknowledged and delivered the deed upon which plaintiff bases his alleged interest. But from a statement made by the court at the conclusion of the trial, it is to be inferred that in formulating its Judgment it assumed that such deed was so executed, acknowledged and delivered by such defendant to the plaintiff. The trial court's theory of the case is stated thus: "I think the agreed statement of facts will show that Robert Russell got a certificate of sale from the sheriff and transferred that to a man by the name of Allen, and Allen afterwards, as I remember the state-

ment of facts, got a sheriff's deed to the property. That, in the opinion of the court, cuts off the title of both Rowells, the plaintiff and the defendant Rowell. This man Allen owned the property then free from any claim of either of the Rowells, and he could deed that property to whom he pleased, and neither of the Rowells would have any interest in it." And the issue involved was succinctly stated by the court: "Now, the only possible issue is, that assuming this warranty deed was given, whether Mrs. Rowell, repurchasing the property from a stranger, not redeeming the property, but an entirely new source of title, whether Robert Rowell on account of this warranty deed would get any benefit from that." And since apparently counsel for both parties agree that this is a fair statement of the only issue, we shall accept it as such.

The trial court indicated that such issue involved only a question of law, and that the evidence adduced was of no value in its determination. In view of the condition of the record, the only determinative question is as put by appellant: "Did the acquisition by defendant, Agnes H. Rowell, of deed from Allen embracing the property inure to benefit of plaintiff by virtue of the alleged prior warranty deed to him from Agnes H. Rowell?" Neither party proposed findings of fact, and the findings of the court are silent on many matters in dispute on the trial. From a study of the record, we think that the following is a fair factual assumption upon which to base our decision:

1.  That defendant Agnes H. Rowell was the owner of the premises prior to her marriage to plaintiff, on June 16, 1930.

2.  That the premises were encumbered by a real estate mortgage dated December 14, 1929, in favor of Robert Russell, mortgagee.

3.  That on April 25, 1931, defendant Rowell executed, acknowledged and delivered to plaintiff a warranty deed conveying to palintiff an undivided one-half interest in the premises, which was recorded on June 4, 1931.

4.  That on July 18, 1931, an action was commenced to fore-

close the mortgage mentioned in paragraph 2, that decree of foreclosure and order of sale therein was made and entered on June 27, 1932, pursuant to which the premises were sold by the sheriff to Robert Russell, and certificate of sale duly issued to him; that no redemption from such sale was had, and sheriff's deed was duly issued to John T. Allen, assignee of the certificate of sale, on January 28, 1934.

5. That in the foreclosure action both plaintiff and defendant Rowell were duly served with summons and their defaults duly entered.

6. That John T. Allen and wife conveyed the fee-simple title to defendant Agnes H. Rowell by deed dated September 22, 1934; that no part of the consideration therefor was paid by plaintiff, but all thereof was paid from money borrowed by Agnes H. Rowell from Home Owners' Loan Corporation, and secured by a real estate mortgage executed by her alone.

7. That plaintiff has not paid, or offered to pay, any part of the purchase price of the conveyance to Agnes H. Rowell; that she was, at the time of the trial, indebted to Home Owners' Loan Corporation in the sum of $5,002.86.

8. That no portion of the taxes on the premises has been paid, or offered to be paid, by plaintiff, since the conveyance to Agnes H. Rowell on September 22, 1934, but all thereof have been paid by her or in her behalf.

9. That the marriage between plaintiff and defendant Rowell was terminated by divorce on March 12, 1942, and palintiff has not lived in or been in actual possession of the premises or any part thereof, since that date.

10. That at the date of the conveyance from defendant Rowell to plaintiff, the later was aware that the premises were encumbered with the mortgage mentioned in paragraph 2; that the loan from Robert Russell in 1929 was for the joint interest of plaintiff and the defendant Rowell, and that as between them, plaintiff was at least morally obligated on the mortgage to Russell.

As we understand, it is plaintiff's theory that he and defend-

ant Agnes H. Rowell became tenants in common of the property by virtue of the conveyance to him; that such relationship was reinstated upon her reacquisition of title, and that since their divorce he has been in possession by and through the actual possession of the defendant, as such tenant in common in the possession.

Appellant's claim is based upon the so-called "after-acquired title" theory. Section 6867, Revised Codes, provides: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors."

Section 6868 provides: "Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded."

It is to be kept in mind that this is not a case where the grantor's title was lacking or defective at the time of the grant. Her title then was absolute and complete. Her title to and interest in the premises, along with that of the grantee, was lost and completely divested by the foreclosure of a mortgage lien existing at the time of the grant, thus a lien against the interests of both grantor and grantee.

Appellant has cited a number of cases upholding the validity of mortgages upon real estate, where the mortgagor's title was lacking or defective at the time the mortgage was given, but subsequently, and during the life of the mortgage, acquired or perfected. The holdings in such cases are unquestionably correct, but have no application to the factual situation now before us.

We think that the after-acquired title rule as prescribed by section 6867, Revised Codes, becomes applicable in cases where, at the time of the grant, the title of the grantor was either defective or lacking, and subsequent to the grant, the

grantor obtained title or some portion thereof. Thus that section is made applicable where a person purports to grant real property in fee simple, and subsequently acquires any title or claim of title thereto, the same passes by operation of law to the grantee. In the present case the grantor not only purported to grant title to the premises in fee simple but actually granted and conveyed such title. In other words, the grantee actually obtained the fee-simple title to an undivided one-half interest in the premises, subject only to the lien of the real estate mortgage, of which he had notice at the time of the grant, and on which he was morally obligated with the grantor, as between him and defendant Rowell.

The doctrine of the passing of after-acquired title is based on ▆ estoppel. McDermott Min. Co. v. McDermott, 27 Mont. 143, 69 Pac. 715; Grasswick v. Miller, 82 Mont. 364, 267 Pac. 299; Midland Realty Co. of Minnesota v. Halverson, 101 Mont. 49, 52 Pac. (2d) 159.

The general rule is that the grantor is estopped to assert an ▆ after-acquired title only when such assertion would involve the denial that the conveyance passed the interest or estate which it purported to pass. 2 Tiffany on Real Property, 2d Ed., 2127; Midland Realty Co. of Minnesota v Halverson, supra.

In the Halverson case, this court quoted as follows from Van Rensselaer v. Kearney & De Peyster, 11 How. 297, 13 L. Ed. 703: '' 'The principle deducible from these authorities seems to be, that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument, by way of recital or averment, that he is seised or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seisin or possession of particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seised and possessed at the time he made the conveyance. The estoppel works

upon the estate and binds an after-acquired title as between parties and privies. The reason is, that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, and hence the grantor and those in privity with him, in good faith and fair dealing, should be forever thereafter precluded from gainsaying it. The doctrine is founded, when properly applied, upon the highest principles of morality, and recommends itself to the common sense and justice of everyone. And although it debars the truth in the particular case, and therefore is not infrequently characterized as odious, and not to be favored, still it should be remembered that it debars it only in the case where its utterance would convict the party of a previous falsehood; would be the denial of a previous affirmation upon the faith of which persons had dealt, and pledged their credit or expended their money. It is a doctrine, therefore, when properly understood and applied, that concludes the truth in order to prevent fraud and falsehood, and imposes silence on a party only when in conscience and honesty he should not be allowed to speak.' '' [101 Mont. 49, 52 Pac. (2d) 161.] See Also Johannes v. Dwire, 94 Mont. 590, 23 Pac. (2d) 971.

In the same case the court quoted the following from Rauch v. Dech, 116 Pa. 157, 9 A. 180, 2 Am. St. Rep. 598: '' 'When a vendor or mortgagor either sells or mortgages' land which he does not own, and afterwards obtains the title thereto, he will not be permitted to set up this after-acquired title to defeat his previous grant or mortgage, for this would be to permit him to perpetrate a fraud on his grantee or creditor. But there is nothing of the kind in the case before us, for it is not pretended that Rauch mortgaged to Dech land to which he had no title, or that he was guilty of any species of fraud whereby Dech was deceived. The plaintiff's lien was lost by force of legal process, and it is not even intimated that Luckenbach's title was not taken clear of that lien.' * * *''

In Ervin v. Morris, 26 Kan. 664, to which the court referred in the Halverson case, it was said: ''So far as the sale to John

Scylers is concerned, the findings are, that the tax deed to Charles C. Scrafford and the proceedings in the suit against him, and the sale, were all legal and regular. The effect of such proceedings was, to pass to Joseph Brown the full title to said 40 acres. The fact that in 1859 he joined with his wife in a warranty deed for said land did not prevent him from thereafter purchasing at sheriffs or tax sale the land so conveyed by him. The doctrine of a warranty title and estoppel therefrom has no reference to a title arising and perfected after one conveyance of a good title. At the time of the deed to Scylers, Mrs. Brown had a good title, which title she and her husband conveyed to Scylers; yet by such conveyance she was not debarred, although it contained full warranties from thereafter purchasing at either sheriff's or tax sale all title that Scylers had. Her warranty was simply as to her title at the time of her deed, and did not guarantee Scylers from thereafter losing title by any failure or fault of his own." See, also, Goode v. Bryant, 118 Va. 314, 87 S. E. 588.

In McDermott Min. Co. v. McDermott, supra [27 Mont. 143, 69 Pac. 717], it is said: "The rule of the common law is that when a deed of land contains a covenant of warranty or representation, express or implied, of title, particular or general, in the grantor, who had not then the title so warranted or represented, but afterwards acquires it by decent or purchase, such subsequently acquired title instantly inures to the benefit of the grantee. The grantor is estopped from asserting such title in himself as against his grantee; he is not permitted to contradict the terms of the deed by saying that he did not have the title which he represented or covenanted was his. So the practical effect of the estoppel is to invest the grantee with the title formally acquired by the grantor. This doctrine rests altogether upon the ground of estoppel. * * *"

In Schultz v. Cities Service Oil Co., 149 Kan. 148, 86 Pac. (2d) 533, 536, the Kansas Supreme Court said:

"We think our statute never was intended to apply to a title acquired from an independent source after the conveyance

containing the warranty relied upon was set aside, or rendered nugatory by judicial decree, or by the operation of some other provisions of law. In Ervin v. Morris, 26 Kan. 664, it was held: 'Where A., having a perfect title to a tract of land, executes a warranty deed therefor with full covenants, he is not thereby estopped from purchasing at sheriff's sale or tax sale any independent title arising subsequently to such conveyance, and holding the same for his own benefit.'

"This was cited on this point and applied in the recent case of Midland Realty Co., v. Halverson, 101 Mont. 49, 52 Pac. (2d) 159, 162.

"Ordinarily a covenant of warranty, when broken, ceases to run with the land and becomes a chose in action. 15 C. J. 1245. When the rights of the grantee in the mineral deed were barred by the foreclosure decree, sale, confirmation and sheriff's deed, the mineral deed ceased to have any force or effect." See also, 31 C. J. S., Estoppel, sec. 34, p. 211; McCune v. McCune, 23 Cal. App. (2d) 295, 72 Pac. (2d) 883; Duncan v. Wolfer, 60 Cal. App. 120, 212 Pac. 390; Thompson v. Lawson, 77 U. S. App. D. C. 31, 132 F. (2d) 21. The McCune case, supra, involved somewhat similar facts as appear here, and the interpretation of a statute identical with our section 6867, Revised Codes.

Here the conveyance passed the precise interest which it ██ ██ purported to pass. The grantee received the exact estate which was purported to be conveyed. That estate was lost by the foreclosure proceedings, and the title later acquired by the grantor was a new and independent one, free of any claim of the grantee under the after-acquired title rule. And we think that any co-tenancy in the premises which may have existed between the grantor and grantee was terminated by the foreclosure procedings and issuance of sheriff's deed. 62 C. J. 418; Becker v. Becker, 254 Mo. 668, 163 S. W. 865; McLawhorn v. Harris, 156 N. C. 107, 72 S. E. 211, 37 L. R. A., N. S., 831. An action for partition, as provided for by section

9516, Revised Codes, will not lie under the facts and circumstances as here disclosed.

What we have said disposes of appellant's specifications of error No. 1, 2, 3, 6, 7 and 9. In view of the abandonment of the appeal as to defendant Home Owners' Loan Corporation, the remainder need not be considered.

The judgment is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Angstman, concur.

Rehearing denied November 27, 1946.